## STATE OF NORTH CAROLINA v. F. R. COOPER

### No. 6916SC79

#### (Filed 2 April 1969)

**1. Criminal Law § 155— time of docketing record on appeal**

In the absence of an order extending the time for docketing, the record on appeal must be docketed in the Court of Appeals within ninety days after the date of the judgment appealed from. Rule of Practice in the Court of Appeals No. 5.

**2. Criminal Law § 146— nature of appellate jurisdiction — failure to comply with rules**

An appeal may be dismissed if the Rules of the Court of Appeals are not complied with. Rule of Practice in the Court of Appeals No. 48.

**3. Criminal Law § 156— belated appeal treated as petition for certiorari**

Although appeal did not comply with rule relating to time of docketing case on appeal, the Court of Appeals, in the interest of justice to the defendant, treats the record and defendant's brief as a petition for writ of certiorari, allows it and considers the case on its merits where there appears to be error in the trial.

**4. Criminal Law § 161— appeal as exception to the judgment**

The appeal itself is an exception to the judgment.

**5. Arrest and Bail § 6— resisting arrest — sufficiency of evidence**

Evidence *held* sufficient to be submitted to the jury as to defendant's guilt of resisting an officer in making an arrest.

**6. Arrest and Bail § 6— duty of person arrested**

When a person has been lawfully arrested by a lawful officer and understands that he is under arrest, it is his duty to submit peaceably to the arrest.

**7. Arrest and Bail § 4— Town of Maxton — authority of officers to serve warrants**

The Chief of Police of the Town of Maxton and a deputy sheriff of Robeson County are lawful officers and as such are authorized to serve warrants in the Town of Maxton issued by a magistrate. G.S. 160-21.

**8. Criminal Law § 113— instructions — statement constituting expression of opinion**

In prosecution charging resisting lawful arrest in violation of G.S. 14-223, statement of the trial court during the instructions that "the offense charged here was committed in violation of General Statute 14-223" *is held* to constitute an expression of opinion. G.S. 1-180.

APPEAL by defendant from *Bailey, J.,* 15 July 1968 Session of Superior Court of ROBESON County.

In case #68 CrD 7154 the defendant was charged in a warrant with the crime of simple assault upon O. W. Altman on 27 June 1968. The defendant pleaded guilty in the District Court and from the judgment of imprisonment for a term of thirty days, appealed to the Superior Court.

In case #68 CrD 7155 the defendant was charged in a warrant with the crime of resisting arrest in violation of G.S. 14-223 on 27 June 1968. The defendant pleaded not guilty in the District Court, was found guilty, and from the judgment of imprisonment for a term of six months, appealed to the Superior Court.

The plea, verdict and judgment in the Superior Court appear in the record as follows:

"The defendant appeared in Court with his privately employed counsel and through his attorney entered a plea of guilty to the charge of simple assault.

To the charge of resisting arrest the defendant, through his counsel, entered a plea of not guilty.

The jury returned a verdict of guilty of resisting arrest as charged in the warrant and the judgment of the court is that the defendant be confined in the common jail of Robeson County for a period of seven months, (EXCEPTION #1), to run at the expiration of the sentence imposed in 68 CrD 7154, which sentence states that the defendant be confined in the common jail of Robeson County for 30 days and assigned to work under the State Department of Correction.

It is the recommendation of the court that the defendant be granted the option of serving the sentence imposed herein under the Work Release Program as provided by law.

Commitment not to issue until Thursday, July 18, 1968, noon.

This 15th day of July, 1968.

/s/ JAMES H. POU BAILEY
Judge Presiding"

Immediately following the above plea, verdict and judgment, the following appeal entries appear:

"The defendant in open court gives notice of appeal to the Court of Appeals. Defendant is allowed fifty days within which to make up and serve statement of case on appeal. The Solicitor is allowed 20 days thereafter in which to make up and serve his countercase. Appeal bond fixed in the amount of $200.00; ap-

pearance bond fixed in the amount of $1,000., the defendant to be permitted to make his own appearance bond.

Execution not to issue the Monday following the determination of his appeal in case #68 CrD 7155, Monday following an appeal he may perfect and not prosecute.

This 16 July, 1968.

/s/ JAMES H. POU BAILEY
Judge Presiding"

In the record under the title organization of the court there appears the following:

"Be it remembered that on July 15, 1968, there was begun and held at the court house in Lumberton, North Carolina, a regular term of the Superior Court for the aforesaid County, it being a two (2) week term for the trial of Criminal cases.

Court opened at 10:00 o'clock with the Honorable W. H. S. Burgwyn, one of the (Emergency) Judges of North Carolina, present and presiding to hold the first week of said two (2) week session by virtue of a commission duly issued to him by R. Hunt Parker, Chief Justice of the Supreme Court of North Carolina, which is on file in this office.

John B. Regan, Solicitor of Solicitoral (sic) District 9-A of North Carolina, and Joe Freeman Britt, Assistant Solicitor, is present and representing the State.

Thereafter, on the afternoon of July 15, 1968, the case of F. R. Cooper came on for trial before the Honorable J. H. Pou Bailey, Judge Presiding."

*Attorney General Robert Morgan, Assistant Attorney General William W. Melvin, and Staff Attorney T. Buie Costen for the State.*

*Chambers, Stein, Ferguson & Lanning by James E. Ferguson, II, for defendant appellant.*

MALLARD, C.J.

It is not clear from the above what judge was assigned to hold the session of Superior Court of Robeson County on 15 July 1968. We have accordingly directed the Clerk of the Superior Court of Robeson County to certify what judge was assigned to hold the session of Superior Court of Robeson County on 15 July 1968. From the Certificate of the Clerk of Superior Court of Robeson County,

it is ascertained that Judge W. H. S. Burgwyn held the first week of the two-week session of Superior Court beginning on 8 July 1968; Judge James H. Pou Bailey held the second week which began on 15 July 1968.

**[1-3]** Notice of appeal was given on 16 July 1968 from the judgment imposed on 15 July 1968. The record on appeal was not docketed until 9 December 1968. There is no order extending the time for docketing the record on appeal. Rule 5 of the Rules of Practice in the Court of Appeals requires, in the absence of an order extending the time for docketing, that the record on appeal be docketed within ninety days after the date of the judgment appealed from. Rule 48 of the Rules of Practice in the Court of Appeals permits an appeal to be dismissed if the Rules are not complied with. Counsel practicing in the appellate courts, in order to protect the rights of their clients and to avoid embarrassment to themselves, should familiarize themselves with and comply with the Rules. *State v. Farrell*, 3 N.C. App. 196, 164 S.E. 2d 388. In this case there appears to be error in the trial of one of the cases. We have, therefore, in the interest of justice to the defendant, treated the record and defendant's brief as a petition for writ of *certiorari*, allowed it, and considered the case on its merits. Separate consideration of each case is necessary for decision in this case.

### SIMPLE ASSAULT CASE #68 CrD 7154

**[4]** The warrant, the plea and the judgment in this case charging simple assault are all in the record. There is no assignment of error or exception with respect to this case charging simple assault other than the exception provided by law to the judgment upon the giving of notice of appeal. The appeal itself is an exception to the judgment. *State v. Ayscue*, 240 N.C. 196, 81 S.E. 2d 403; *London v. London*, 271 N.C. 568, 157 S.E. 2d 90. In fact, defendant's counsel, upon the oral argument, admits that the defendant has abandoned the appeal as to the simple assault case. The record reveals that the warrant properly charges the offense of simple assault. The defendant pleaded guilty to the charge of simple assault. The sentence of thirty days imprisonment is permitted by statute. G.S. 14-33. We find no error in the trial of the defendant on the charge of simple assault.

### RESISTING ARREST CASE #68 CrD 7155

The defendant argues that the trial court committed error in the trial of the resisting arrest case as follows:

1. By imposing a greater sentence in the Superior Court than was imposed in the District Court.

2. By admitting into evidence, over defendant's objections, evidence which defendant contends was "conclusionary, prejudicial and inflammatory."

3. By denying defendant's motion for nonsuit.

4. By stating an opinion in the charge to the jury and by failing to define the law as required by G.S. 1-180.

It is not necessary for decision in this case to rule on the first contention of the defendant that upon an appeal it is error to impose a greater sentence in Superior Court than was imposed in District Court. Defendant admits that the Supreme Court of North Carolina and this Court have consistently held against this contention. See State v. Stafford, 274 N.C. 519, 164 S.E. 2d 371, and the cases cited therein.

Since the questions relating to the admissibility of the evidence may not recur on a new trial, we do not rule on the second contention of the defendant with respect to the admission of evidence.

[5] The evidence of the State taken in the light most favorable to it tends to show that R. W. Fisher was Chief of Police of the Town of Maxton on 15 June 1968. Defendant lived in Maxton and had a place of business there. The police officer, accompanied by a deputy sheriff, had a warrant for the arrest of the defendant and went to the defendant's place of business on this occasion. In the warrant the defendant was charged with an assault on a Mr. Altman. The defendant was given a copy of the warrant. After reading the warrant to him, the defendant was told by the officer that he was under arrest and that it would be necessary for the defendant to go with him to the magistrate to post bond. The defendant said, "I am not going any damn place." The defendant repeatedly refused to go with the officers. After the officers had placed their hands on the defendant in order to take the defendant with them, he said to the deputy sheriff, "You big black son of a bitch, take your hand off me." The defendant hit the officers with his fist, his elbows and kicked them with his feet. One of the defendant's own witnesses testified he saw the defendant "assault the other officer in the face and chest, after he had kicked officer Fisher."

[6] When a person has been lawfully arrested by a lawful officer and understands that he is under arrest, it is his duty to submit peaceably to the arrest. State v. Horner, 139 N.C. 603, 52 S.E. 136.

The words "submit peaceably to arrest" imply the yielding to the authority of a lawful officer, after being lawfully arrested.

[7]  The Chief of Police of the Town of Maxton and a deputy sheriff of Robeson County are lawful officers and as such are authorized to serve warrants in the Town of Maxton issued by a magistrate. G.S. 160-21.

[5]  There was ample evidence of the defendant's guilt to require the submission of this case to the jury, and the defendant's motion for judgment of nonsuit was properly overruled.

[8]  The defendant contends and we agree that the trial judge committed error and expressed an opinion when, as the record reveals, he stated in the charge, "The offense charged here was committed in violation of General Statute 14-223." G.S. 1-180 forbids the expression of an opinion by the trial judge. The remainder of the charge clearly reveals that the trial judge did not intend to state such an opinion; however, we are bound by the record which the solicitor stipulated "is a true and correct copy of the transcript of the record and evidence in this case."

In the trial on the charge of simple assault, we find

No error.

In the trial on the charge of resisting arrest, for the error pointed out, there must be a

New trial.

BRITT and PARKER, JJ., concur.