STATE OF NORTH CAROLINA v. JOSEPH LINWOOD BLACKMON

No. 7818SC469

(Filed 7 November 1978)

**1. Assault and Battery § 14.4— felonious assault—sufficiency of evidence**

   The State's evidence was sufficient for the jury in a prosecution for felonious assault where it tended to show that the victim took a pistol away from defendant's companion during an altercation near a bar and fired several shots with the pistol, and that defendant came out of the bar and shot the victim, inflicting serious injuries.

**2. Assault and Battery § 15.5— self-defense—failure to instruct**

   The trial court in a felonious assault case erred in failing to instruct the jury on self-defense where defendant testified that the victim took a pistol away from defendant's companion and fired the pistol at defendant before defendant shot him.

APPEAL by defendant from *Lupton, Judge.* Judgment entered 28 July 1977 in Superior Court, GUILFORD County. Heard in the Court of Appeals 20 September 1978.

Defendant was charged in a proper bill of indictment with assault with a deadly weapon with intent to kill, inflicting serious injury. After trial, defendant was found guilty by a jury of assault with a deadly weapon, inflicting serious injury.

From a judgment entered on the verdict imposing a prison sentence of eight years, defendant appealed.

*Attorney General Edmisten, by Associate Attorney George W. Lennon, for the State.*

*Assistant Public Defender Frederick G. Lind for the defendant appellant.*

HEDRICK, Judge.

[1]   Defendant assigns as error the denial of his motion for judgment as of nonsuit. The State offered evidence tending to show the following:

Defendant and Melvin Jones went to the Village Inn, a bar in High Point, on 28 January 1978. Jones was carrying a pistol in his belt. Once inside, Jones got into an argument with Ben Bethea. Preston McDuffie, a cousin of Bethea's, attempted to break up the argument. McDuffie and Bethea left the Village Inn. In a parking lot across the street, Jones and McDuffie got into a struggle over the pistol. McDuffie took the gun away from Jones and fired several shots. Defendant came out of the bar and shot McDuffie, inflicting serious injuries. Defendant presented evidence tending to show the following: Defendant testified that after McDuffie had wrested the pistol from Jones, McDuffie fired the pistol at him and Jones, and it was then that he shot McDuffie.

Upon motion for judgment of nonsuit in a criminal action, the evidence must be considered in the light most favorable to the State, disregarding all discrepancies and contradictions therein and giving the State the benefit of every inference of fact that may reasonably be deduced therefrom. *E.g., State v. Witherspoon*, 293 N.C. 321, 237 S.E. 2d 822 (1977). The evidence introduced by the State, so considered, is ample to require submission of the case to the jury. Defendant's motion for judgment as of nonsuit was properly denied.

[2]   By assignment of error number four, defendant contends the trial court erred in not instructing the jury on self-defense. Under G.S. § 1-180 (now G.S. § 15A-1222, 1232, effective 1 July 1978) it is the duty of the trial court to declare and explain the law arising on the evidence even without a special request for instructions. When the defendant's evidence, even though contradicted by the State, raises an issue of self-defense, the failure of the trial court to charge on self-defense is error. *State v. Hickman*, 21 N.C. App.

421, 204 S.E. 2d 718 (1974). In resolving whether an instruction should be given, the facts are to be interpreted in the light most favorable to the defendant. *State v. Watkins*, 283 N.C. 504, 196 S.E. 2d 750 (1973). Whether the defendant's evidence is less credible than the State's evidence is an issue for the jury, not the trial judge. *State v. Hickman, supra.*

We think the evidence in this case is sufficient to raise the issue whether the defendant shot McDuffie in self-defense. Although witnesses for the State testified that McDuffie fired the pistol "in the air," defendant testified several times that McDuffie had pointed the pistol at him and fired at him before he shot McDuffie. At one point, the defendant testified as follows:

> I think I heard four shots fired all together before I shot. Those four shots sounded like a 22. As I was looking at it, it was fired from the pistol McDuffie was holding from behind the car. The first shot I didn't see. The second time I heard it it was coming towards me, and the third one went towards the back of Melvin's head. And the third one was at me and him. That is when I fired. It was just seconds after the last pistol shot was fired that I fired at McDuffie. He was still holding the gun up at me.
>
>     . . .
>
> I fired right at him. I intended to hit him. I did not intend to kill him. I wanted to stop him. He was shooting at me. I just wanted to stop him.

From the evidence introduced by the defendant it would be permissible for the jury to find that the defendant shot McDuffie in self-defense.

We hold the court erred in not instructing the jury on self-defense.

We do not discuss the defendant's remaining assignments of error since they are unlikely to recur at a new trial.

New trial.

Judges PARKER and MARTIN (Robert M.) concur.