State v. Rhodes

STATE OF NORTH CAROLINA v. JOHN RHODES

No. 8118SC215

(Filed 6 October 1981)

**Arrest and Bail §§ 5.2, 6— resisting arrest—no illegal entry by officer**

Where there was evidence that one police officer made a lawful entry into defendant's home, read an order for his arrest, and defendant understood the order but did not submit peacefully; that the officer called for assistance, defendant heard the call, and another officer came to defendant's home to assist the first officer, the evidence failed to indicate an illegal entry into defendant's home. Where a law officer makes a lawful entry of a home with consent of the owner to apprehend and arrest a suspect, then other officers may enter the home to assist those officers who have been voluntarily admitted.

Judge WELLS dissenting.

APPEAL by defendant from *Helms, Judge.* Judgment entered 6 November 1980 in Superior Court, GUILFORD County. Heard in the Court of Appeals 2 September 1981.

Defendant was convicted, as charged, of resisting arrest and appeals from the judgment imposing confinement for a term of six months.

## STATE'S EVIDENCE

Greensboro City Policeman Hastings, in uniform, went to defendant's apartment to execute an order for arrest. He knocked at the door and was invited in by defendant. He explained his purpose, and defendant read the order. Hastings permitted defendant to call his lawyer by phone, but he was unable to reach him. Defendant said he was tired of going to jail for nothing and that if he had to go, one of them was going to the morgue. After some discussion Hastings, in defendant's presence, by radio called Officer Workman and requested assistance in effecting the arrest. Workman arrived at the apartment, knocked on the door, and Hastings opened the door for him. The officers explained to defendant that he had to go with them. Defendant refused. They attempted to pull defendant up from a chair. He struggled and resisted. Officer Workman sprayed a burst of chemical mace in defendant's face. The two officers managed to handcuff defendant. They took him to the hospital, but he refused treatment for the mace.

### DEFENDANT'S EVIDENCE

Defendant testified that he was informed by his wife that there was an order for his arrest. He telephoned the Police Department and told them he would be happy to discuss the matter if they sent an officer. Shortly thereafter Officer Hastings arrived, and he invited him in. He read the order for arrest. He telephoned his lawyer but was unable to reach him. He had a discussion with Hastings. He heard Hastings make a two-way radio call. Soon Officer Workman walked in the apartment, and said, "What the hell is going on," and told defendant he had to go with them right now. Defendant was confused and upset. Workman sprayed mace in his face two or three times. He called his wife, and when she entered the room Hastings pushed her out.

Defendant's wife testified that she was ill and in bed, that when she entered the living room both officers had hold of defendant, and together they threw him in a chair. Workman then sprayed mace in his face.

*Attorney General Edmisten by Assistant Attorney General Daniel F. McLawhorn for the State.*

*Appellate Defender Adam Stein by Assistant Appellate Defender Malcolm R. Hunter, Jr., for defendant appellant.*

CLARK, Judge.

Defendant first makes the argument that the trial court erred in failing to instruct the jury on his right to resist an arrest pursuant to an illegal entry into his home.

We reject the argument on the ground that there is no evidence of an illegal entry into defendant's home. Defendant does not question the validity of the order for his arrest which Officer Hastings had in his possession. Hastings knocked on the door of the home and entered at the invitation of the defendant, who then read and understood the warrant for his arrest. There is no question about the legality of Hastings' entry. *See* G.S. 15a-401(e)(1)a.

After Hastings' legal entry he had the right and duty to arrest the defendant pursuant to the order of arrest. In effecting

State v. Rhodes

the arrest Hastings had the right to use such force as he may reasonably believe necessary to the proper discharge of his duties. The amount of force which a law officer may use in effecting a lawful arrest is largely within the discretion of the officer, subject to the limitation that he may not use any greater force than is reasonably and apparently necessary under the circumstances. *State v. Fain,* 229 N.C. 644, 50 S.E. 2d 904 (1948); *State v. Anderson,* 40 N.C. App. 318, 253 S.E. 2d 48 (1979). *See* Annot., 77 A.L.R. 3d 281 (1977).

It is clear that Officer Hastings made a lawful entry into defendant's home, and that before Officer Workman arrived he did not use or attempt to use force in effecting an arrest. In determining whether there was evidence that Officer Workman made an illegal entry into defendant's home, we must consider all the evidence, since the trial judge had the duty in his instructions to the jury to apply the law to the various factual situations presented by the conflicting evidence. G.S. 15A-1232. *State v. Blackmon,* 38 N.C. App. 620, 248 S.E. 2d 456 (1978), *cert. denied,* 296 N.C. 412, 251 S.E. 2d 471 (1979); 4 Strong's N.C. Index 3d *Criminal Law* § 113 (1976).

All of the evidence tends to show that Officer Hastings had an order for arrest of defendant and that defendant read and understood it. Defendant had the duty to submit peaceably to the arrest. *State v. Summerell,* 282 N.C. 157, 192 S.E. 2d 569 (1972); *State v. Cooper,* 4 N.C. App. 210, 166 S.E. 2d 509 (1969); 1 Strong's N.C. Index 3d *Arrest and Bail* § 6 (1976). Hastings did not announce to defendant that he was under arrest or attempt to use force to effect an arrest. It appears from Hastings' testimony that he radioed for help because defendant stated he was not going to jail and if he had to go one of them was going to the morgue. Defendant admitted that Hastings told him he would have to go downtown, denied that he told Hastings that he would not go with him, and admitted that he heard the two-way radio call between Officers Hastings and Workman. It is reasonable to assume that defendant knew that Hastings asked Workman to assist him in effecting the arrest.

When Officer Hastings made a lawful entry into the home of the defendant who understandingly read the order for his arrest but did not submit peaceably, Officer Workman, when called for

assistance, had the duty to assist Hastings in effecting the arrest and the right to enter the defendant's home without knocking and without the invitation or consent of the defendant. *State v. Basden,* 8 N.C. App. 401, 174 S.E. 2d 613 (1970), held that where law officers make a lawful entry of a home with consent of the owner to apprehend and arrest a suspect, then other officers may enter the home to assist those officers who have been voluntarily admitted.

In the absence of hostile action from within the home or other exigent circumstances, a law officer is required before entry to make an arrest to knock, disclose his identity, his authority, and his mission. *State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706 (1972); *State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897 (1970). The purpose for this requirement is the protection of both the officer and the occupant as well as the recognition of the constitutional rights of the occupant. *State v. Sparrow, supra.* The defendant by first inviting a law officer into his home and then refusing to submit to a lawful arrest by the officer, waived his Fourth Amendment right of home security to the extent that he had no right to deny entry to another officer who was called to assist in effecting the arrest. And the same conduct by defendant obviated the need for the protection which the requirement was intended to provide.

*State v. Sparrow, supra,* and other cases relied on by defendant support his argument that where there is an illegal entry the trial court must instruct the jury on the right of the defendant to resist such entry; but these cases are inapplicable to the case *sub judice* because there is no evidence of any illegal entry.

Though defendant concedes in his brief that the trial judge in general properly instructed the jury on the right of the defendant to resist excessive force in the arrest, he argues that prejudicial error was committed when the court, after explaining the law on the subject, instructed "If G. W. Hastings and W. A. Workman used more force than was apparently necessary," contending that the court should have used the disjunctive "or" instead of the conjunctive "and." This argument must be considered in light of the fact that both the State and defendant offered evidence that after Officer Workman entered the home both officers grabbed defendant and acted together in effecting the arrest. On appellate

review of trial court instructions to the jury, the charge will be read contextually and an excerpt will not be held prejudicial if a reading of the whole charge leaves no reasonable grounds to believe that the jury was misled. *State v. Alston*, 294 N.C. 577, 243 S.E. 2d 354 (1978). Reading the charge as a whole and considering the evidence of concerted action by both officers in effecting the arrest, we find no prejudicial error.

We find no merit in defendant's argument that the trial court erred in failing to instruct on his right to resist an illegal arrest. There was no evidence of an illegal arrest.

No error.

Chief Judge MORRIS concurs.

Judge WELLS dissents.

WELLS, Judge, dissenting.

On the factual aspects of Officer Workman's entry into defendant's residence, the evidence for the State and for the defendant is clearly conflicting. The State's evidence tended to show that defendant was hostile to Officer Hastings, indicated a clear disinclination to submit to arrest, that Hastings radioed for help in defendant's presence, that Officer Workman responded to the call for help, that Workman knocked on the door when he arrived, that Hastings then announced to defendant Workman's purpose by explaining to Workman that defendant had refused to submit to arrest, that Workman attempted to persuade defendant to submit, and that only after defendant's refusal to submit did Workman lay hands upon defendant.

On the other hand, defendant's evidence tended to show that he had cooperated with Officer Hastings, that his conversation with Hastings was peaceful, that he had indicated to Hastings that he was preparing to submit to arrest, that Workman arrived and entered without knocking or announcing his purpose or identifying himself, and that upon entry, Workman immediately manifested hostility to defendant and then physically assaulted him.

Such a conflict in the evidence clearly raised the issue of the legality of Workman's entry and subsequent conduct. Such evidence required the trial court to submit this factual controversy to the jury and to instruct the jury as to defendant's rights should they find Workman's entry to be illegal. *State v. Sparrow*, 276 N.C. 499, 173 S.E. 2d 897 (1970). *See also State v. Anderson*, 40 N.C. App. 318, 253 S.E. 2d 48 (1979). In my opinion, the failure of the trial judge to so instruct the jury entitles defendant to a new trial. *Sparrow*, supra.