STATE OF NORTH CAROLINA v. FELTON BREWER

No. 8716SC655

(Filed 5 April 1988)

1. **Assault and Battery § 15.7— defendant as aggressor—instruction on self-defense not required**
   In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, defendant was not entitled to an instruction on self-defense where all of the evidence clearly showed that defendant was at fault in bringing on both encounters with the victim, and, though defendant did abandon the initial encounter and leave the scene, he later returned to the scene and attacked the victim with a knife.

2. **Criminal Law § 138.28— aggravating sentencing factor of prior convictions— sufficiency of evidence**
   The trial court's finding of the aggravating sentencing factor of prior convictions was sufficiently supported by the evidence where the prosecutor recited defendant's two prior convictions; in response defense counsel immediately stated that defendant had had no convictions for almost ten years; and such response was tantamount to an admission or a stipulated fact that defendant had the convictions so represented by the State.

**3. Criminal Law § 99.3— no expression of opinion by court on evidence**

There was no merit to defendant's contention that the trial court expressed an opinion that a fact had been proved and stated a fact not in evidence by instructing that there was evidence which tended to show that defendant cut the victim's throat with a knife over some beer.

**4. Criminal Law § 113.1— instructions—summary of evidence adequate**

There was no merit to defendant's contention that the trial court failed to summarize exculpatory evidence defendant elicited through cross-examination where there was no exculpatory evidence which went to any of the crucial issues of the case.

APPEAL by defendant from *Herring, Judge.* Judgment entered 19 February 1987 in Superior Court, ROBESON County. Heard in the Court of Appeals 12 January 1988.

Defendant was tried upon separate bills of indictment, proper in form, charging him with robbery with a dangerous weapon (86CRS20849); assault on John "Sonny" Jones with a deadly weapon with intent to kill inflicting serious injury (86CRS20850); and assault on James Floyd with a deadly weapon with intent to kill inflicting serious injury (86CRS20851). The cases were consolidated for trial. Defendant was convicted of common law robbery, for which he was sentenced to a term of ten years; assault on John "Sonny" Jones with a deadly weapon inflicting serious injury, for which he was sentenced to a term of three years; and assault on James Floyd with a deadly weapon with intent to kill inflicting serious injury, for which he was sentenced to a term of ten years. The sentences were ordered to run consecutively. From the imposition of these sentences, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Floyd M. Lewis, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Daniel R. Pollitt, for defendant-appellant.*

JOHNSON, Judge.

The State presented evidence which tended to show that on 14 September 1986, at about 5:30 p.m., defendant and John "Sonny" Jones went to James Floyd's home to purchase beer. Floyd sold beer to the public out of his home. Defendant and Jones were frequent customers of Floyd. Defendant and Jones entered the back door into the kitchen and asked Floyd for a beer. Floyd had

a red igloo cooler of beer sitting beside the kitchen sink. After giving defendant and Jones one beer each, Floyd sat at the kitchen table and talked with them. Shortly thereafter, defendant stood up and requested a six-pack of beer but stated that he didn't have money to pay for it. Floyd stated that a six-pack cost six dollars. Floyd stood from the table and turned to the sink to get some water. As he turned to the sink, he was standing with his back to defendant and Jones. Defendant was six or seven feet to the rear of Floyd. Defendant grabbed Floyd's hair, pulled his head back, and cut his throat. Floyd ran from the house and was taken to the hospital by ambulance. Floyd's cooler of beer was taken from his house. At about 6:15 p.m. on the same day, Officer Benjamin Morris saw defendant and Jones carrying a red cooler down the street in Floyd's neighborhood.

Retha Williams, Jones' girlfriend, testified for the State that shortly after 6:00 p.m. on the date in question, while she was visiting her daughter, defendant stopped by and was carrying a red cooler of beer. Defendant sat the cooler on the kitchen floor and said that he "cut a [man's] throat and took the beer." Williams kicked the cooler of beer out the kitchen door into the yard. Defendant went into the yard to retrieve the cooler and beer. When defendant left to retrieve the cooler and beer, Williams locked the kitchen door. Defendant kicked the door open, entered and slapped Williams. Williams left the house and went into the front yard. Defendant followed her there and again slapped her as well as her daughter who was also standing in the front yard. At that moment, Jones appeared and told defendant to leave the women alone. Williams snatched a pistol from Jones' belt and shot twice in the air. Defendant pulled a knife and advanced toward Jones. Jones took the pistol from Williams, backed away, fired three times in the ground and asked defendant several times not to come on him with the knife. As defendant continued to advance, Jones shot him in the stomach. Defendant turned, walked away from Jones, walked around the corner to the side of Hunt's house, through the back yard, and went to a nearby relative's house. Jones walked around the corner to the side of Hunt's house. Defendant left his relative's house, returned to the side of Hunt's house where Jones was and began fighting and cutting Jones with the knife. Defendant had to be physically pulled off Jones.

Defendant did not testify or present any witnesses in his behalf.

[1] By his first Assignment of Error defendant contends the court erred in failing to instruct the jury on self-defense in the assault on John Jones (86CRS20850).

> The right to act in self-defense rests upon necessity, real or apparent, and a person may use such force as is necessary or apparently necessary to save himself from death or great bodily harm in the lawful exercise of his right of self-defense. A person may exercise such force if he believes it to be necessary and has reasonable grounds for such belief. The reasonableness of his belief is to be determined by the jury from the facts and circumstances as they appeared to the accused at the time. *However, the right of self-defense is only available to a person who is without fault, and if a person voluntarily, that is aggressively and willingly, enters into a fight, he cannot invoke the doctrine of self-defense unless he first abandons the fight, withdraws from it and gives notice to his adversary that he has done so.*

*State v. Marsh*, 293 N.C. 353, 354, 237 S.E. 2d 745, 747 (1977) (citations omitted) (emphasis added).

> [W]hen the State or defendant produces evidence that defendant acted in self-defense, the question of self-defense becomes a substantial feature of the case requiring the trial judge to state and apply the law of self-defense to the facts of the case. *State v. Deck*, 285 N.C. 209, 203 S.E. 2d 830 [1974]; *State v. Watkins*, 283 N.C. 504, 196 S.E. 2d 750 [1973]. Conversely, if the evidence is insufficient to evoke the doctrine of self-defense, the trial judge is not required to give instructions on that defense even when specifically requested. *State v. Freeman*, 275 N.C. 662, 170 S.E. 2d 461 [1969]; *State v. McLawhorn*, 270 N.C. 622, 155 S.E. 2d 198 [1967].

*State v. Davis*, 289 N.C. 500, 509, 223 S.E. 2d 296, 301-02 (1976).

In resolving the question as to whether an instruction on self-defense should be given, the court must interpret the facts in the light most favorable to the defendant. *State v. Blackmon*, 38 N.C. App. 620, 248 S.E. 2d 456 (1978), *cert. denied*, 296 N.C. 412, 251 S.E. 2d 471 (1979).

In the case *sub judice*, all of the evidence clearly shows that defendant was at fault in bringing on both encounters with Jones and that he, the defendant, was the aggressor in each encounter. Defendant pulled a knife on Jones and advanced on Jones in a threatening manner when all Jones had done was to ask defendant to leave Williams and her daughter alone. Defendant did in fact abandon this initial encounter and left the scene. However, defendant later returned to the scene and attacked Jones with the knife. It was this second encounter which led to the indictment and conviction of assault. Although defendant quit the initial encounter with Jones, it was defendant who voluntarily, aggressively, and willingly renewed the combat. Therefore, as the aggressor, defendant was not entitled to an instruction on self-defense. This assignment of error is without merit.

[2]  Next, defendant contends that he is entitled to a new sentencing hearing in the common law robbery and assault convictions involving James Floyd because the aggravating factor the trial court found to enhance the sentences is not supported by competent evidence. We disagree.

In the common law robbery conviction the presumptive sentence is three years; in the assault with a deadly weapon with intent to kill inflicting serious injury conviction, the presumptive sentence is six years. In both cases the trial court found the aggravating sentencing factor that "[t]he defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement." Defendant was then sentenced to a term of ten years in each case, a total of eleven years in excess of the presumptive terms.

The State bears the burden of persuasion on aggravating factors if it seeks a term greater than the presumptive. *State v. Jones*, 309 N.C. 214, 306 S.E. 2d 451 (1983). The trial judge's finding of an aggravating sentencing factor must be supported by a preponderance of the evidence introduced at the sentencing hearing. G.S. sec. 15A-1340.4(a)(b); *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983).

At the sentencing hearing, the prosecutor stated that in 1974 defendant was convicted of larceny and received a four year sentence as a committed youthful offender; that in 1977 defendant was convicted of felonious assault for which he received a ten

year sentence as a regular youthful offender. In response to the prosecutor's remarks, defense counsel stated:

> MR. PRICE: Your Honor, Mr. Brewer last worked in April or May of 1986 for a contractor in roofing work. He has a G.E.D. and is 28-years-old. He has been living with his father and step-mother. I would emphasis [sic], Your Honor, that his record indicates no convictions for almost 10 years. We would ask for leniency.

G.S. sec. 15A-1340.4(e) provides in pertinent part that prior convictions "may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction." These methods of proof, however, are permissive rather than mandatory. *See, e.g., State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983) (prior convictions proven by defendant's own statements under oath); *State v. Graham*, 309 N.C. 587, 308 S.E. 2d 311 (1983) (prior convictions proven by a law enforcement officer's testimony as to his personal knowledge of the convictions).

Considering the State's remarks about defendant's record of convictions and defense counsel's immediate response that he would like to emphasize to the court that defendant's record "indicates no convictions for almost 10 years," we find and so hold that defense counsel was referring to the record of convictions the State had just referenced. From the full context of the remarks we find that no reasonable inferences to the contrary can be drawn. Defense counsel's response is tantamount to an admission or a stipulated fact that defendant has the convictions so represented by the State. Therefore, the credibility of the evidence of defendant's prior convictions is manifest as a matter of law by defense counsel's admission of the truth of the basic facts. *Compare, State v. Albert, Dearen and Mills*, 312 N.C. 567, 324 S.E. 2d 233 (1985) (where the Court held that with regard to the establishment of a mitigating factor, the State established, as a matter of law, the defendant's case, when in response to defense counsel's statement that his client (Mills) had no prior record, the prosecutor responded that "only Mr. Dearen" has a prior record). This assignment of error is overruled.

By his third Assignment of Error, defendant contends that he is entitled to a new trial in the assault conviction involving James Floyd because in its jury instructions, the trial court improperly

expressed an opinion that a fact had been proved, only summarized evidence favorable to the State, and stated facts not in evidence.

[3]  Based upon the following excerpts from the jury instructions regarding the assault charge upon James Floyd, defendant contends that the trial court expressed an opinion that a fact had been proved and that the opinion also constituted facts not in evidence.

> *First*, that the defendant, Brewer, assaulted James Thomas Floyd by intentionally cutting him with a knife.

> There is evidence which tends to show that he cut his throat with a knife over some beer.

Defendant argues that when Floyd was cut he was standing with his back to defendant and James and that Floyd testified that he did not know what cut him.

G.S. sec. 15A-1232 provides that:

> [i]n instructing the jury, the judge must declare and explain the law arising on the evidence. He is not required to state the evidence except to the extent necessary to explain the application of the law to the evidence. He must not express an opinion whether a fact has been proved.

We find no merit in either contention. The court stated that there is evidence which "tends to show" that defendant cut Thomas with a knife in a dispute over some beer. This does not amount to an improper expression of opinion by the court that a fact had been proved nor does it state facts not in evidence. Besides, there was clearly ample evidence introduced at trial from which the jury could reasonably infer that defendant cut Thomas' throat with a knife in a dispute over some beer. According to Williams' testimony defendant told her that he had cut a man's throat and taken the beer. There is no question defendant had a knife on his person. Shortly after Thomas was cut, defendant assaulted Jones with a knife.

[4]  Next, defendant argues that the court failed to summarize exculpatory evidence defendant elicited through cross-examination.

> [T]he trial court is not required to fully recapitulate all the evidence, but when it does, the trial court must sum-

marize the evidence in the case that is favorable to defendant even though defendant presents no evidence. . . . Evidence favorable to defendant elicited on cross examination that tends to exculpate defendant is substantive evidence. A trial court cannot adequately explain the application of the law to the evidence in such a case without mentioning the exculpatory evidence elicited by defendant on cross examination.

*State v. Carter*, 74 N.C. App. 437, 440, 328 S.E. 2d 607, 609 (1985) (citations omitted).

We have carefully examined the evidence in this case and do not find any exculpatory evidence which goes to any of the crucial issues of the case. This argument is also without merit. We find no defect in the trial court's jury instruction.

In the trial of defendant's cases we find

No error.

Judges PHILLIPS and ORR concur.