STATE OF NORTH CAROLINA v. JAMES DONNELL ALEXANDER

No. COA04-259

(Filed 16 November 2004)

## Sentencing— prior record level—agreement—Structured Sentencing requirements

The trial court erred when sentencing defendant for assault by relying on a record level worksheet submitted by the State showing a prior misdemeanor assault (with no other documentary evidence) along with defendant's stipulation to a sentence range and defense counsel's statement that defendant had no prior felonies. A worksheet is not sufficient without more to meet the State's burden, defense counsel did not agree with the item listed on the worksheet, and the stipulation to a minimum and maximum term of imprisonment is not a stipulation that the requirements established by the Legislature for sentencing have been met. The defendant and the prosecution may not, under

STATE v. ALEXANDER

[167 N.C. App. 79 (2004)]

these circumstances, stipulate to a specific term of imprisonment irrespective of what might be permitted by the Structured Sentencing Act.

Judge TIMMONS-GOODSON dissenting.

Appeal by defendant from judgment entered 8 September 2003 by Judge Jerry R. Tillett in Pasquotank County Superior Court. Heard in the Court of Appeals 18 October 2004.

*Attorney General Roy Cooper, by Special Deputy Attorney General Robert O. Crawford, III, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Kelly D. Miller, for defendant-appellant.*

LEVINSON, Judge.

Defendant pled guilty on 8 September 2003 to assault with a deadly weapon with intent to kill inflicting serious injury pursuant to a plea agreement providing that "the State will agree that the defendant be sentenced to a minimum of 80 months and a maximum of 105 months." The trial court sentenced defendant within the presumptive range at prior record level II to the above term of imprisonment. The court also recommended that defendant pay restitution in the amount of $16,822.26 as a condition of work release. Defendant now appeals from the judgment contending: (1) the court erred by sentencing him at prior record level II because the State failed to prove his prior convictions, (2) the court erred by recommending the payment of restitution based upon a restitution worksheet defendant's counsel had not seen, and (3) defendant was denied effective assistance of counsel because his counsel stipulated to the restitution worksheet without having first seen it. On appeal, defendant seeks a new sentencing hearing.

We first address defendant's argument that the trial court erred in sentencing him at a Level II prior record level. We conclude that the sentence imposed by the trial court is unsupported by the evidence such that defendant is entitled to a new sentencing hearing.

During defendant's sentencing hearing, the State submitted a prior record level worksheet assigning one point to defendant for previously having been convicted of misdemeanor assault inflicting serious injury. The record reveals that the court did not rely on any documentary evidence to prove this prior offense. The State con-

tends that its burden of proof with respect to the existence and classification of defendant's prior conviction was satisfied by defendant's stipulation. The alleged stipulation is said to result from defense counsel's statement to the trial court that "until this particular case [defendant] had no felony convictions, as you can see from his worksheet."

"There is no question that a worksheet, prepared and submitted by the State, purporting to list a defendant's prior convictions is, without more, insufficient to satisfy the State's burden in establishing proof of prior convictions." *State v. Eubanks*, 151 N.C. App. 499, 505, 565 S.E.2d 738, 742 (2002). A prior conviction may, however, be proved by a stipulation between the parties. N.C.G.S. § 15A-1340.14(f)(1) (2003). An affirmative statement by counsel expressing agreement with the convictions listed on the prior record level worksheet is a stipulation sufficient to prove the prior conviction or record level. *Eubanks*, 151 N.C. App. at 506, 565 S.E.2d at 743; *State v. Hanton*, 140 N.C. App. 679, 689, 540 S.E.2d 376, 382 (2000). Clear and unequivocal statements expressing agreement with, or the lack of an objection to, the items listed on a sentencing worksheet have been held to be stipulations. *See State v. Morgan*, 164 N.C. App. 298, 307, 595 S.E.2d 804, 810-11 (2004) (holding defendant had stipulated to record level where defense counsel "conceded the existence of the convictions by arguing that defendant should be sentenced at a level III on the basis of her prior record" and "made no objection to the prior record level worksheet except to the number of points [that a] third degree homicide conviction from New Jersey should receive"). A stipulation may also be found to exist where defense counsel makes a statement indicating that he has reviewed the worksheet and at least partially agrees with it. *See State v. Cunningham*, 108 N.C. App. 185, 198, 423 S.E.2d 802, 810 (1992) (holding that, when prosecutor stated at sentencing hearing that defendant had prior convictions of loitering and resisting a public officer, defense counsel's statement that the defense would object to the loitering as not carrying a sixty-day sentence amounted to an admission or stipulation that defendant had the prior convictions asserted by the prosecutor); *State v. Brewer*, 89 N.C. App. 431, 436, 366 S.E.2d 580, 583 (1988) (holding that, when prosecutor stated that defendant had 1974 and 1977 convictions, defense counsel's response that defendant's record indicated no convictions for almost ten years constituted an admission that defendant did have these two older convictions).

In the instant case, defense counsel relied on the worksheet only to the extent he agreed with the State that defendant had no prior felony convictions. Defense counsel did not expressly or tacitly agree with the item listed thereon. His representations to the court went no further. The State would have us equate "the worksheet shows no felonies" with "my client was convicted of the misdemeanor on the worksheet." This is not, in our view, a fair or practical interpretation of defense counsel's statement. Any ambiguity in defense counsel's statement should militate against holding that there was a stipulation. We therefore conclude that the circumstances of the present case are not analogous to those circumstances in which it has been held that a defendant stipulated to the State's assertion concerning the convictions listed on the worksheet.

Relying on *State v. Hamby*, 129 N.C. App. 366, 499 S.E.2d 195 (1998), the State contends that, even if the defendant's prior record level was not supported by evidence presented at the sentencing hearing, this issue has been mooted by defendant's express agreement to serve 80 to 105 months imprisonment. In *Hamby*, the defendant entered a guilty plea pursuant to a transcript of plea that expressly included the following: "Charge is Class E felony and defendant has a record level of II. The defendant will receive a sentence of 29 mos. min.—44 mos. max." *Hamby*, 129 N.C. App. at 367, 499 S.E.2d at 195. This Court held that by admitting that her prior record level was Level II and agreeing to the specified sentencing range, "defendant mooted the issues of whether her prior record level was correctly determined . . . and whether the duration of her prison sentence was authorized." *Id.* at 369-70, 499 S.E.2d at 197. Accordingly, defendant had no right to appeal on these issues, and her appeal was dismissed. *Id.*

Unlike the defendant in *Hamby*, the present defendant did not stipulate to his prior record level, but instead stipulated only to a minimum and maximum term of imprisonment. This difference is significant because a stipulation to a prior record level is a stipulation that the requirements established by the Legislature for defendant to be sentenced pursuant to a particular level of the sentencing grid (*e.g.*, prior conviction points, offense committed while on probation, parole, or post-release supervision, etc.) have been met. On the contrary, a stipulation to a minimum and maximum term of imprisonment, without more, does not ensure that the sentence imposed comports with the sentencing scheme imposed by the General Assembly.

STATE v. ALEXANDER

[167 N.C. App. 79 (2004)]

Allowing offenders to stipulate to prior record level and therefore waive an argument on appeal that the prosecutor did not prove such is very different than the rule advanced by the State here. To permit defendant's sentence to stand, irrespective of whether the General Statutes authorize such a sentence to be imposed, would be tantamount to permitting our courts to sentence defendants to terms of imprisonment based not on the collective agreement of our Legislature, but instead on counsels' individualized notions of appropriate punishment.

Moreover, such a rule would be contrary to our sentencing scheme, which contemplates an examination of prior record points to determine a prior record level which, in turn, controls the range of a sentence. *See* N.C.G.S. § 15A-1340.14 (2003); N.C.G.S. § 15A-1340.17 (2003). The General Statutes are explicit in their requirement that "[b]efore imposing a sentence, the court **shall** determine the prior record level for the offender. . . ." N.C.G.S. § 15A-134.13(a) (2003) (emphasis added). This is, of course, an important ministerial exercise on the part of the sentencing court, the object of which is to ensure that offenders are sentenced in accordance with the law of this State.

The present defendant was convicted of a class C felony and agreed to serve a sentence of 80 to 105 months imprisonment. Such a sentence could be imposed lawfully as a presumptive sentence for a defendant with a prior record level II, a mitigated sentence for a defendant with a prior record level III, or an aggravated sentence for a defendant with a prior record level I. *See* G.S. § 15A-1340.17. However, the trial court did not require that the State prove defendant's prior record level, but instead permitted defendant to agree to a particular sentence. Therefore, it is possible that defendant is a Level V offender, such that 80 months as a mandatory minimum is not even authorized. Without proof of defendant's prior record level, we cannot know at this point. Likewise, it is possible that defendant is a Level I offender and has received an aggravated sentence without the trial court making any findings in aggravation. Again, without proof of defendant's prior record level, we cannot know at this point. Applying the dissent's rationale, defendant's agreement to serve 80 mandatory months, standing alone, would be sufficient without regard to whether such a sentence may be lawfully imposed in light of defendant's prior record. We easily reject the suggestion that we can, under these circumstances, permit the prosecutor and defendant to stipulate to a specific term of imprisonment irrespective of what might be permitted by the Structured Sentencing Act.

In sum, we hold that defense counsel did not stipulate to the misdemeanor conviction such that *Eubanks* would control the outcome here. Furthermore, defendant's stipulation to an 80-105 month sentence, standing alone, does not render the issue of whether the State proved defendant's prior conviction moot. Thus, the differing results in *Hamby* and the present case are entirely logical.

Because we grant relief pursuant to defendant's first argument on appeal, we need not address his remaining assignments of error.

New sentencing hearing.

Judge CALABRIA concurs.

Judge TIMMONS-GOODSON dissents.

TIMMONS-GOODSON, Judge, dissenting.

Because I conclude that the trial court did not err in sentencing defendant, I respectfully dissent.

As the majority correctly notes, defendant and the State entered into a plea agreement whereby defendant would be sentenced to eighty to 105 months imprisonment in exchange for his plea of guilty to the charge of assault with a deadly weapon with intent to kill inflicting serious injury. On appeal, defendant argues that the trial court erred in sentencing him to the agreed upon term because he failed to stipulate to the prior record level used by the trial court during sentencing. I disagree.

I recognize that "[t]here is no question that a worksheet, prepared and submitted by the State, purporting to list a defendant's prior convictions is, without more, insufficient to satisfy the State's burden in establishing proof of prior convictions." *State v. Eubanks*, 151 N.C. App. 499, 505, 565 S.E.2d 738, 742 (2002). However, I also note that "[a] prior conviction shall be proved by . . . [s]tipulation of the parties . . . [or] [a]ny other method found by the court to be reliable." N.C. Gen. Stat. § 15A-1340.14(f)(1), (4) (2003). In the instant case, when asked by the trial court whether there was "anything" he wanted to say "as to sentencing," defendant's counsel stated that defendant "is a single man and up until this particular case he had no felony convictions, *as you can see from his*

*worksheet.*" (emphasis added). I conclude that this statement "may reasonably be construed as a stipulation by defendant that he had been convicted of the charges listed on the worksheet." *Eubanks*, 151 N.C. App. at 506, 565 S.E.2d at 742.

Furthermore, I note that this Court has previously stated that "if during plea negotiations the defendant essentially stipulated to matters that moot the issues he could have raised under [N.C. Gen. Stat. § 15A-1444](a2), his appeal should be dismissed." *State v. Hamby*, 129 N.C. App. 366, 369, 499 S.E.2d 195, 196 (1998). In *Hamby*, we held that by admitting "that her prior record level was II, that punishment for the offense could be either intermediate or active in the trial court's discretion and that the trial court was authorized to sentence her to a maximum of forty-four months in prison," the defendant "mooted the issues of whether her prior record level was correctly determined, whether the type of sentence disposition was authorized and whether the duration of her prison sentence was authorized." *Id.* at 369-70, 499 S.E.2d at 197. In the instant case, while defendant did not explicitly admit to being a prior record level II offender in his guilty plea, the plea agreement nevertheless authorizes the State to impose upon him a punishment consistent with that of a prior record level II offender. Under the Structured Sentencing Act, an individual found guilty of a Class C felony with a prior record level II may be sentenced in the presumptive range to a term of eighty to 105 months imprisonment, the exact sentence imposed upon and consented to by defendant in his plea agreement. N.C. Gen. Stat. § 15A-1340.17 (2003).

Defendant does not challenge the existence of any of the prior convictions listed in the worksheet, choosing rather to challenge the sufficiency of the stipulation relied upon by the trial court at sentencing. Because I conclude that defendant stipulated to his prior record level, I would hold that the trial court did not err in sentencing defendant to eighty to 105 months imprisonment. Furthermore, because I have examined defendant's other assignments of error and have determined that they are without merit, I would also hold that defendant received a trial free of prejudicial error.