STATE OF NORTH CAROLINA v. JODIE V. AUSTIN

No. 66

(Filed 15 May 1974)

**Criminal Law §§ 80, 89; Incest— motel registration card — genuineness not proved — admission erroneous**

The trial court in a prosecution for incest erred in admitting into evidence a motel registration card bearing the names of defendant and his daughter where there was no evidence identifying the handwriting as defendant's, nor was there evidence identifying defendant as the man who registered at the motel and signed defendant's name to the card; furthermore, even if the card had been admitted for the restricted purpose of corroborating the prosecuting witness, as the Court of Appeals erroneously held, defendant thereby suffered prejudice entitling him to a new trial.

APPEAL by defendant under G.S. 7A-30(2) from the decision of the Court of Appeals (20 N.C. App. 539, 202 S.E. 2d 293 (1974)) finding no error in the trial before *Chess, S.J.*, at the 30 July 1973 Session of the Superior Court of UNION.

Defendant was convicted of incest with his daughter, Jane Denise Austin, on 6 March 1973. Jane, who was 17 years old on 26 July 1973, gave testimony which tended to show:

She had had sexual intercourse with her father "about once every two weeks from the time [she] was 11 until [she] was 16." On 6 March 1973, during her mother's absence at work, defendant took her from the Forest Hills High School to their home near Wingate, where she had relations with him upon his promise to buy her an automobile. He had previously bought her a Mustang but "let it go back" after she refused

to have intercourse with him. On April 20th they again had relations at a motel in Charlotte, where they had gone to look at a car for her. Defendant returned her to school around 3:00 p.m. that day without having bought a car. The principal, who had told her she would be expelled if she went off that day, expelled her from school upon her return. The following Monday, April 23rd, Jane's mother talked to her at the home of a girl friend in Wingate. At that time Jane told her why she was expelled and what she and her father had done on March 6th and April 20th. Jane also testified that she had first told her mother "about it" when she was "about 11."

The testimony of Mrs. Austin, Jane's mother and defendant's wife, tended to show that she had been married to defendant about thirty years; that her daughter first told her of having intercourse with defendant on 23 April 1973; that Jane later said he had been bothering her since she was about eleven; that defendant always denied it when she "told him about it"; that when she told him she was going to take out a warrant for him he said it wouldn't stick in court "because it was all voluntary"; that defendant did not deny having sexual relations with their daughter; that she had left him four different times on account of Jane.

Over defendant's objection Mrs. E. S. Wolfe, a desk clerk at the Alamo Plaza Hotel Courts in Charlotte and one of the persons in charge of registration records, testified in substance as follows: Among the records of registrants at the motel on April 20, 1973 she found the registration card which was identified as State's Exhibit 7 (S-7); that it was customary for a guest to write his name and home address upon one of these cards before he paid and checked in. The italicized information on S-7, reproduced below, was filled in by handwriting:

ALAMO PLAZA HOTEL COURTS

Rents Payable in Advance

Money, Jewels and Valuables Must Be Deposited in the office safe. Otherwise the proprietor will not be responsible for any loss.

NAME: *Jodie & Jane Austin*
STREET: *608 - State St. -*
CITY AND STATE: *Rockingham, N. C.*
Room: *926*  Rate: *11.96*  Arrived   A.M.
Date:   *4/20*   No. in Party: *2*        P.M.
Clerk:

She does not know defendant, and she did not register him on April 20th.

Over defendant's objection S-7 was received in evidence without restriction.

Defendant, testifying as a witness in his own behalf, denied that he had ever had sexual intercourse with his daughter and denied that he had taken her to the Alamo Plaza Hotel on 20 April 1973. He testified that on the morning of April 20th he went to his daughter's school because the principal called him; that after talking to the principal he took his daughter with him to Charlotte, where he was to look at a Colt car at the Dodge place. He drove the car home on a trial run, left Jane at Wingate, and went back to work. At 3:30 he, his wife, and Jane, drove it back to Charlotte. He said he had turned in the Mustang because his daughter was skipping school and she "got involved in a rape charge brought by another girl." He further testified that during the past year he and his wife had had arguments over Jane's dating; that on one occasion, when his wife had found pornographic pictures in Jane's room, she had asked him when he put them in there, and he had denied having put any pictures in Jane's room.

The jury found defendant guilty of incest as charged. From a sentence of 10-15 years he appealed to the Court of Appeals, which found "no reversible error" in defendant's trial. Judge Carson dissented on the ground that the admission of S-7 into evidence over defendant's objection constituted prejudicial error, and defendant appealed to this Court as a matter of right.

*Attorney General Robert Morgan and Assistant Attorney General Walter E. Ricks III for the State.*

*Joe P. McCollum, Jr., for defendant appellant.*

SHARP, Justice.

Upon this appeal defendant brings forward only one assignment of error, that the trial judge committed prejudicial error when he admitted in evidence the motel registration card, S-7.

"Before any writing will be admitted in evidence, it must be *authenticated* in some manner—*i.e.*—its genuineness or execution must be proved." 2 Stansbury's N. C. Evidence (Brandis rev., 1973) § 195.

State v. Austin

In *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971), in a prosecution for murder, the State introduced in evidence checks, notes, and other financial documents, purportedly signed by the defendant and relevant to the State's contention that he and the murder victim had been involved in business transactions which provided the motive for the murder. However, no evidence in the record authenticated the defendant's purported signature upon any of these documents. In awarding a new trial this Court said, "The mere fact that his [defendant's] name appears on each document and the fact that the checks naming him as payee were paid by the drawee bank do not constitute proof of the genuineness of his several signatures or proof that any of these documents actually passed through the defendant's hands. . . . Their admission in evidence was substantially prejudicial to the defendant." *Id.* at 591-592, 180 S.E. 2d at 774-775. In its brief for the Court of Appeals the State conceded that it was unable to distinguish the "holding in *State v. Vestal* . . . from the instant case."

No evidence in the record now before us identifies the handwriting on S-7 as defendant's. Nor is there any evidence identifying defendant as the man who registered as Jodie Austin from Rockingham, N. C., or as the man to whom a clerk assigned Room 926. In the absence of such identification the mere fact that defendant's name and that of his daughter appear on the card constitutes no proof that the signature is his or that he authorized it. The Court of Appeals, however, held that the card was not introduced for that purpose; that the State offered it in corroboration of the prosecuting witness' testimony, and for that purpose it was admissible. In introducing the card the solicitor for the State did not specify the purpose for which it was offered. He merely offered it and, when defendant objected to its introduction, the court merely said, "overruled." This ruling was erroneous.

Once admitted the registration card not only corroborated the prosecuting witness and impeached defendant on a vital point in the case, but it also constituted substantive evidence that defendant had had incestuous relations with his daughter in Charlotte on April 20th. Any attempt by the judge to restrict this evidence would have been futile, for no limiting instruction could have overcome its devastatingly prejudicial effect upon defendant's case. See 1 Stansbury's N. C. Evidence (Brandis rev. 1973) § 79.

In a prosecution for incest, evidence of acts of incestuous intercourse between the prosecuting witness and defendant other than those charged in the indictment, whether prior or subsequent thereto, is admissible to corroborate the proof of the act relied upon for conviction. *See State v. Browder*, 252 N.C. 35, 112 S.E. 2d 728 (1960); 2 N. C. Index 2d *Criminal Law* § 34 (1967); 41 Am. Jur. 2d, *Incest* § 17 (1969). As Judge Carson pointed out in his dissent, the registration card—purportedly bearing defendant's signature—was the only evidence other than his daughter's testimony which bore directly upon the question whether defendant had had incestuous relations with her. The weight of this card was undoubtedly sufficient to overcome all discrepancies in the State's evidence. Its admission therefore requires a new trial. Accordingly the decision of the Court of Appeals is reversed with directions that it remand this cause to the Superior Court of Union County for a new trial.

Reversed and remanded.