STATE OF NORTH CAROLINA v. PATRICK CURTIS SMITH

No. 826SC101

(Filed 7 December 1982)

**Criminal Law § 80.1— nonsupport of illegitimate child—motel registration card— no proper foundation**

In a prosecution for nonsupport of an illegitimate child, the trial court erred in allowing the State to introduce into evidence a motel guest registration card bearing a signature purportedly defendant's since there was no evidence identifying the handwriting on the card nor was there any evidence identifying defendant as the man who registered or to whom a room was assigned.

APPEAL by defendant from *Strickland, Judge.* Judgment entered 28 August 1981, in the Superior Court, HALIFAX County. Heard in the Court of Appeals 13 September 1982.

Defendant was convicted of nonsupport of an illegitimate child. Judgment was entered on the guilty verdict imposing a sentence of six months, with the sentence suspended for five years upon condition that defendant pay $15 per week for the support of the child. Defendant appealed. Facts necessary for decision are set out in the opinion.

*Attorney General Edmisten, by Associate Attorney Thomas J. Ziko, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender James H. Gold, for defendant appellant.*

MORRIS, Chief Judge.

The prosecuting witness testified that on 24 June 1979, she and defendant went to the Holiday Inn in Roanoke Rapids, that defendant went in and registered, that they went in a room at the motel where they twice had sexual intercourse. She testified that she was not using any type of birth control, that she did not have another menstrual cycle until the birth of a child; and that she did not have sexual intercourse with any other men during May, June, or July of 1979.

Over defendant's objection, state introduced into evidence a Holiday Inn guest registration card dated 24 June 1979 and bearing a signature purportedly defendant's. The clerk who testified and identified the card was not working at the motel in 1979 and had never seen defendant.

Defendant contends that the admission of this card into evidence was error sufficiently prejudicial to require a new trial. We agree, because it appears that the issue is answered in favor of defendant by *State v. Austin*, 285 N.C. 364, 204 S.E. 2d 675 (1974). There defendant was convicted of incest with his daughter. Over his objection, a desk clerk at a Charlotte motel where a later incident of incest allegedly occurred was allowed to testify that she found, among the records of registrants at the motel on 20 April 1973, the registration card which the state introduced in evidence. She further testified that it was customary for a guest to write his name and home address on a registration card before he paid and checked in. She did not know the defendant and did not register him on 20 April 1973. The card bore, in handwriting,

the name of defendant and the prosecuting witness. There, as here, the solicitor, in introducing the card, did not specify the purpose for which it was offered. He offered it, defendant objected, and the court overruled the objection. There, as here, there was no evidence identifying the handwriting on the card nor was there any evidence identifying defendant as the man who registered as Patrick Smith or as the man to whom a room was assigned. Writing for a unanimous Court, Justice Sharp (later Chief Justice) in granting defendant a new trial, said:

> Once admitted the registration card not only corroborated the prosecuting witness and impeached defendant on a vital point in the case, but it also constituted substantive evidence that defendant had had incestuous relations with his daughter in Charlotte on April 20th. Any attempt by the judge to restrict this evidence would have been futile, for no limiting instruction could have overcome its devastatingly prejudicial effect upon defendant's case. See 1 Stansbury's N.C. Evidence (Brandis rev. 1973) § 79.

*Id.* at 367.

See also *State v. Fulcher*, 294 N.C. 503, 243 S.E. 2d 338 (1978).

The registration card, which purportedly was signed by defendant, was the only direct evidence, other than the prosecuting witness's testimony, which bore directly on the question of whether defendant had had sexual intercourse with the prosecuting witness. Its weight was sufficient to overcome any discrepancies in the state's evidence, and its admission was sufficiently prejudicial to require a new trial.

New trial.

Judges BECTON and JOHNSON concur.