STATE OF NORTH CAROLINA v. DAUNTE DEWAYNE MOORE, Defendant

No. COA03-202

(Filed 20 January 2004)

**1. Evidence— hearsay—not offered for truth of matter asserted—explanation of actions**

    The trial court did not err in a possession of drug paraphernalia, possession with intent to sell and deliver cocaine, and maintaining a place to keep controlled substances case by permitting deputies to testify that they went to a residence to talk with defendant after arresting a person with crack cocaine in her hand who had just left the residence even though defendant contends the testimony was inadmissible hearsay, because: (1) the deputies' testimony placed defendant in close proximity to the drugs; and (2) the challenged testimony was neither offered for the truth of the matter asserted nor offered as corroboration, but instead to explain the deputies' actions.

**2. Evidence— character—establishing elements of charged crimes**

    The trial court did not err in a possession of drug paraphernalia, possession with intent to sell and deliver cocaine, and maintaining a place to keep controlled substances case by allowing a deputy's testimony that he had seen defendant at the pertinent residence on previous occasions even though defendant contends the testimony disclosed the deputy's familiarity with defendant and suggested that defendant had a prior record or bad character, because the challenged testimony was admissible to help establish the elements of the charged crimes.

**3. Drugs— possession of drug paraphernalia—motion to amend indictment—motion to dismiss**

    The trial court erred by granting the State's motion to amend a possession of drug paraphernalia indictment by striking "a can designed as a smoking device" and replacing it with "drug paraphernalia, to wit: a brown paper container," and by denying defendant's motion to dismiss that charge, because: (1) the amendment constituted a substantial alteration of the indictment when common household items and substances may be classified as drug paraphernalia, and a defendant must be apprised of the item or substance in order to

amount a defense; and (2) no evidence of a can designed as a smoking device was presented.

## 4. Drugs— possession with intent to sell and deliver cocaine—instruction—constructive possession

The trial court erred by giving the jury an instruction on constructive possession of cocaine jointly with others, and thus, defendant's conviction for possession with intent to sell and deliver cocaine is reversed, because: (1) unless the person has exclusive possession of the place where the narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred; and (2) the State in this case was required to show other incriminating circumstances before constructive possession could be inferred when five individuals were found in or near the mobile home in which the drugs were found and two of the individuals were in close proximity to the drugs, the residence was owned by someone other than defendant, the warrant squad went to the residence in order to arrest someone other than defendant, and the only evidence of defendant's connection to the premises was a deputy's testimony that he had seen defendant at the residence on prior occasions.

## 5. Drugs— maintaining a place to keep controlled substances—failure to challenge conviction

Defendant's conviction and sentence for maintaining a place to keep controlled substances remains intact because defendant has not challenged this conviction and sentence on appeal.

Appeal by Defendant from judgment entered 14 November 2002 by Judge Charles H. Henry in Superior Court, Onslow County. Heard in the Court of Appeals 2 December 2003.

*Attorney General Roy Cooper, by Assistant Attorney General D. David Steinbock, for the State.*

*McCotter, Ashton & Smith, P.A., by Rudolph A. Ashton, III and Terri W. Sharp, for the defendant-appellant.*

WYNN, Judge.

By this appeal, Defendant, Daunte Dewayne Moore, presents the following issues for our consideration: Did the trial court erroneously (I) allow implied hearsay; (II) allow inadmissible character evidence; (III) deny Defendant's motion to dismiss and allow the State to amend

STATE v. MOORE

[162 N.C. App. 268 (2004)]

the drug paraphernalia indictment; and (IV) instruct the jury on constructive possession. After careful review, we vacate Defendant's conviction and sentences for possession of drug paraphernalia and possession with intent to sell and deliver cocaine.

On 12 January 2002, members of the Onslow County Sheriff's Department warrant squad were attempting to serve active warrants in Maysville, North Carolina. Deputies George Hardy and Jack Springs went to 145 Hadley Collins Road to serve a warrant; however, the individual was not there. Upon their arrival at this address, the deputies saw a small vehicle leaving the address which in their opinion looked suspicious. The deputies stopped the vehicle and questioned its occupants—an elderly white male and a young African-American female. During the conversation, the African-American female indicated she had been at the residence to visit her cousin "D.D." The young woman also opened her right hand which contained a rock of crack cocaine. Deputy Springs testified he knew "D.D." to be the street name for Defendant.

After the conversation with the vehicle occupants, the deputies went to the residence to speak with Defendant. After the officers talked briefly with Defendant at the residence's door, Defendant attempted to shut the door. The deputies grabbed Defendant and arrested him for resisting arrest. Thereafter, the deputies searched the residence. In plain view, the deputies found a brown paper envelope containing crack cocaine sitting on top of some insulation in an area where the paneling had been removed from the wall.

The deputies also found two other individuals in the residence. Upon searching Defendant's person, the deputies located $18.00 in his front pocket and $309 in his billfold. Deputy Springs testified he had seen Defendant at 145 Hadley Collins Road on several previous occasions.

Based upon this evidence, Defendant was found guilty of possession with intent to sell and deliver cocaine, possession of drug paraphernalia, and intentionally keeping and maintaining a place for controlled substances. The trial court sentenced Defendant to 10-12 months for the possession with intent to sell and deliver cocaine conviction and consecutive suspended sentences for possession of drug paraphernalia and maintaining a place for controlled substances. Defendant appeals.

**[1]** Defendant first contends the trial court erroneously allowed improper hearsay by permitting the deputies to testify that they went to the residence to talk with Defendant after arresting a person with crack cocaine in her hand who had just left the residence. We disagree.

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," N.C. Gen. Stat. § 8C-1, Rule 801(c) (2001), and "is not admissible." N.C. Gen. Stat. § 8C-1, Rule 802 (2001). However, the statements of one person to another are admissible to explain the subsequent conduct of the person to whom the statement was made. *State v. Potter*, 295 N.C. 126, 244 S.E.2d 397 (1978).

In support of his contention, Defendant cites *State v. Austin*, 285 N.C. 364, 204 S.E.2d 675 (1974) wherein our Supreme Court held it was reversible error to allow a motel registration card showing the name of the defendant charged with incest and the name of his daughter introduced into evidence. The Court stated that any attempt by the trial judge to restrict such evidence would not overcome the prejudicial effect of the evidence. However, *Austin* is distinguishable from the facts of this case. In *Austin*, the signature on the hotel registration card had not been authenticated and the significance of the registration card was highly prejudicial because it was the only evidence other than the daughter's testimony which bore directly upon the question of whether the defendant had had incestuous relations with her. Unlike *Austin*, in this case, the deputies' testimony placed Defendant in close proximity to the drugs. Moreover, the challenged testimony was neither offered for the truth of the matter asserted nor offered as corroboration; rather, the testimony was offered to explain the deputies' actions. Accordingly, we conclude the trial court did not erroneously admit the testimony.

**[2]** In his next argument, Defendant contends the trial court erroneously allowed character evidence in violation of N.C. Gen. Stat. § 8C-1, Rule 404. Under Rule 404, "evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion."

Defendant contends the trial court erred in allowing Deputy Spring's testimony that he had seen Defendant at the 145 Hadley Collins residence on previous occasions. Defendant argues this testimony disclosed the deputy's familiarity with Defendant and sug-

gested that he had a prior record or bad character. However, the State contends the testimony was admissible to establish elements of the possession with intent to sell and deliver, maintaining a place to keep controlled substances and possession of drug paraphernalia charges. *See State v. McLaurin*, 320 N.C. 143, 357 S.E.2d 636 (1987) (possession of drug paraphernalia); *State v. Allen*, 279 N.C. 406, 183 S.E.2d 680 (1971) (possession with intent to sell and deliver); *State v. Alston*, 91 N.C. App. 707, 373 S.E.2d 306 (1988) (maintaining a place to keep controlled substances).

Under Rule 404, "even though evidence may tend to show other crimes, wrongs, or acts by the defendant and his propensity to commit them, it is admissible under Rule 404(b) so long as it also is relevant for some purpose other than to show that defendant has the propensity for the type of conduct for which he is being tried." *State v. Coffey*, 326 N.C. 268, 279, 389 S.E.2d 48, 54 (1990). As the challenged testimony was admissible to help establish the elements of the charged crimes, we conclude the trial court did not err in admitting Deputy Spring's testimony.

**[3]** Defendant next contends the trial court erroneously granted the State's motion to amend the drug paraphernalia indictment and denied Defendant's motion to dismiss. We agree.

N.C. Gen. Stat. § 15A-923(e) provides that "a bill of indictment may not be amended." Our Supreme Court has interpreted the term amendment under N.C. Gen. Stat. § 15A-923(e) to mean "any change in the indictment which would substantially alter the charge set forth in the indictment." *State v. Snyder*, 343 N.C. 61, 65, 468 S.E.2d 221, —— (1996).

> An indictment or criminal charge is constitutionally sufficient if it apprises the defendant of the charge against him with enough certainty to enable him to prepare his defense and to protect him from subsequent prosecution for the same offense. The indictment must also enable the court to know what judgment to pronounce in the event of conviction.

*Snyder*, 343 N.C. at 65-66, 468 S.E.2d at ——.

In this case, Defendant was charged with a violation of N.C. Gen. Stat. § 90-113.22 (2001) which provides:

> (a) It is unlawful for any person to knowingly use, or to possess with intent to use, drug paraphernalia to plant, propagate, culti-

vate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, package, repackage, store, contain, or conceal a controlled substance which it would be unlawful to possess, or to inject, ingest, inhale, or otherwise introduce into the body a controlled substance which it would be unlawful to possess.

According to Defendant's indictment, Defendant allegedly possessed "drug paraphernalia, to wit: a can designed as a smoking device." However, none of the evidence elicited at trial related to a can; rather, the evidence described crack cocaine in a folded brown paper bag with a rubber band around it. Thus, at the close of the State's evidence, Defendant moved to dismiss. Rather than dismiss the indictment, the trial court granted the State's motion to amend the indictment striking "a can designed as a smoking device" and replacing it with "drug paraphernalia, to wit: a brown paper container." In our opinion, this amendment constituted a substantial alteration of the indictment.

Under N.C. Gen. Stat. § 90-113.22, drug paraphernalia is not defined. Rather, one must refer to N.C. Gen. Stat. § 90-113.21 for guidance. Under G.S. 90-113.21, "drug paraphernalia means all equipment, products and materials of any kind that are used to facilitate, or intended or designed to facilitate, violations of the Controlled Substances Act . . . ." Thereafter, the provision lists several kinds of drug paraphernalia, including common household items such as blenders, bowls, containers, spoons, mixing devices, envelopes and storage containers. Because some of the items that could be considered drug paraphernalia are also common everyday items, the statute provides

the following, along with all other relevant evidence, may be considered in determining whether an object is drug paraphernalia:

(1) statements by the owner or anyone in control of the object concerning its use;

(2) prior convictions of the owner or other person in control of the object for violations of controlled substances law;

(3) the proximity of the object to a violation of the Controlled Substances Act;

(4) the proximity of the object to a controlled substance;

(5) the existence of any residue of a controlled substance on the object;

(6) the proximity of the object to other drug paraphernalia;

(7) instructions provided with the object concerning its use;

(8) descriptive materials accompanying the object explaining or depicting its use;

(9) advertising concerning its use;

(10) the manner in which the object is displayed for sale;

(11) whether the owner, or anyone in control of the object, is a legitimate supplier of like or related items to the community, such as a seller of tobacco products or agricultural supplies;

(12) possible legitimate uses of the object in the community;

(13) expert testimony concerning its use;

(14) the intent of the owner or other person in control of the object to deliver it to persons whom he knows or reasonably should know intend to use the object to facilitate violations of the Controlled Substances Act.

As common household items and substances may be classified as drug paraphernalia when considered in the light of other evidence, in order to amount a defense to the charge of possession of drug paraphernalia, a defendant must be apprised of the item or substance the State categorizes as drug paraphernalia. Accordingly, we conclude the amendment to the indictment constituted a substantial alteration of the charge set forth in the indictment. Moreover, as no evidence of "a can designed as a smoking device" was presented, we conclude the trial court erroneously denied Defendant's motion to dismiss.

[4] Finally, Defendant contends the trial court erroneously gave the jury an instruction on constructive possession of cocaine jointly with others. We agree.

"Constructive possession exists when the defendant while not having actual possession, . . . has the intent and capability to maintain control and dominion over the narcotics." *State v. Butler*, 356 N.C. 141, 146, 567 S.E.2d 137, 140 (2002). "Where such [drugs] are found on the premises under the control of the accused this fact, in and of itself gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on the charge of unlawful pos-

session." *State v. Harvey*, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). However, "unless the person has exclusive possession of the place where the narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred." *State v. Davis*, 325 N.C. 693, 697, 386 S.E.2d 187, 190 (1989).

In this case, five individuals were found in or near the mobile home in which the drugs were found. Upon the sheriff deputies' arrival, an elderly white male and young African-American female were observed leaving the residence's driveway in a vehicle. Upon questioning these individuals, the sheriff deputies noticed a rock of crack cocaine in the female's right hand. Inside of the mobile home, Defendant and another man were located. Defendant opened the front door and the other man was found in the back bedroom. Finally, a white female was observed on the scene. However, none of the deputies could testify as to whether the female came from inside or outside of the mobile home. Thus, two of the five individuals were in close proximity to the drugs—Defendant, who opened the front door, and the other man, who was found in the back bedroom at the end of the hallway in which the drugs were found.

Thus, the State was required to show other incriminating circumstances before constructive possession could be inferred. In this case, the residence was owned by someone other than Defendant—a woman who was not present during any of the activity on the day in question. Moreover, the warrant squad went to the residence in order to arrest someone other than Defendant. Upon their arrival, as many as five people were found in or near the residence. During the search of the mobile home, to which the deputies indicated Defendant consented, the deputies did not find any documents or other items tying Defendant to the residence. The only evidence of Defendant's connection to the premises was Deputy Jack Spring's testimony that he had seen Defendant at the residence on prior occasions. However, Deputy Springs was not aware of who else lived there and he testified that other people associate there.

The State also indicates Defendant's attempt to flee from the deputies, $327.00 of U.S. currency on his person, and the African-American female's testimony that she was there to see her cousin, D.D., whom Deputy Springs indicated was Defendant's street name, constituted incriminating circumstances from which one could infer constructive possession. However, the evidence indicates Defendant did not attempt to flee the officers. Upon answering the door, the officers asked to talk with Defendant about narcotics activity. Defendant

indicated he did not want to talk to police and tried to close the door. The officers then prevented Defendant from closing the door, grabbed him and threw him on the ground and arrested him. When Defendant attempted to close the door, he was not under arrest, was not the subject of an arrest warrant and was under no obligation to talk to police. Indeed, the trial court dismissed Defendant's resist, obstruct and delay charge. Moreover, there is no evidence Defendant struggled with the officers before the officers handcuffed him as the State contends in its brief. Finally, $327.00 in U.S. currency, without more, is not a significant amount of money from which one can infer constructive possession of drugs. As there was insufficient evidence of incriminating circumstances, we conclude the trial court erred in instructing the jury on constructive possession.[1] *See State v. King*, 99 N.C. App. 283, 288, 393 S.E.2d 152, 155 (1990) (where this Court identified three typical situations [in which constructive possession has been established] regarding the premises where drugs were found: (1) some exclusive possessory interest in the defendant and evidence of defendant's presence there, (2) sole or joint physical custody of the premises of which defendant is not an owner; and (3) in an area frequented by defendant, usually near defendant's property). Accordingly, because we similarly conclude there was insufficient evidence of Defendant's actual possession of the cocaine, we vacate Defendant's conviction and sentence for possession with the intent to sell and deliver cocaine. *See State v. Diaz*, 155 N.C. App. 307, ——, 575 S.E.2d 523, 528 (2002) (stating a defendant has actual possession of a substance if it is on his person, he is aware of its presence and either by himself or with others, he has the power and intent to control its disposition or use).

[5] In sum, we vacate Defendant's conviction for possession of drug paraphernalia and the suspended sentence of 120 days, and reverse his conviction for possession with intent to sell and deliver cocaine and the active sentence of 10 to 12 months. However, Defendant's conviction and sentence for maintaining a place to keep controlled substances remains intact as Defendant has not challenged this conviction and sentence on appeal.

---

1. The State also references statements made by the African-American female regarding the amount of money she spent, $18.00, in purchasing the drugs as evidence of incriminating circumstances. However, this testimony was not presented to the jury and, in any event, could not be used for the truth of the matter asserted. Indeed, the State argued before the trial court that it was referencing the young woman's testimony to explain the subsequent actions of the sheriff deputies and not for the truth of the matter asserted.

Vacated in part, reversed in part.

Judges TIMMONS-GOODSON and McCULLOUGH concur.