STATE OF NORTH CAROLINA
v.
ROBERT STEPHEN SMITH, Defendant

No. COA12-809

Filed 5 February 2013

**1. Arrest—indecent exposure—jury instruction on resisting public officer—probable cause—apprehension required immediate arrest**

The trial court did not commit plain error by instructing the jury that an arrest for indecent exposure would be a lawful arrest for the jury charge on resisting a public officer. The officer had probable cause to believe that defendant would not be appre-hended unless immediately arrested, and therefore, the arrest complied with N.C.G.S. § 15A-401(b). The fact that officers had already received defendant's license plate number and other iden-tifying information was immaterial to this determination.

**2. Police Officers—resisting public officer—probable cause—fleeing scene of crime—indecent exposure—willfulness**

The trial court did not err by denying defendant's motion to dismiss the charge of resisting a public officer based on alleged insufficient evidence that defendant's arrest was lawful and that defendant willfully resisted. Because the officer had probable cause to believe that defendant was fleeing the scene of the crime and the officers had probable cause to believe that he had committed indecent exposure, his warrantless arrest was lawful. A reasonable juror could conclude that defendant's subsequent attempts to pull his pants up did not constitute justification for refusing to obey the officer's commands to submit peaceably to the arrest.

**3. Evidence—officer testimony—defendant a convicted sex offender—no abuse of discretion**

The trial court did not abuse its discretion in a resisting a public officer case by denying defendant's motion for a mistrial after an officer mentioned that defendant was a convicted sex offender in another county. Even assuming that defendant did not open the door to this testimony, the trial court promptly sustained defendant's objection, granted his motion to strike, and issued a curative instruction that properly addressed the inadmissible evidence without repeating it.

Appeal by defendant from judgments entered on or about 16 February 2012 by Judge H. William Constangy in Superior Court, Gaston County. Heard in the Court of Appeals 10 December 2012.

*Attorney General Roy A. Cooper, III by Assistant Attorney General Donald W. Laton, for the State.*

*Merritt, Webb, Wilson & Caruso, PLLC by Andrew L. Farris, for defendant-appellant.*

STROUD, Judge.

Robert Stephen Smith ("defendant") appeals from his convictions for resisting, delaying, or obstructing a public officer and indecent exposure. For the following reasons, we find no error in his trial.

## I. Background

On 13 August 2010, defendant was charged by magistrate's order with resisting, delaying or obstructing a public officer and indecent

exposure. Defendant pleaded no contest in district court, then appealed for trial *de novo* in Gaston County Superior Court.

The State's evidence at trial tended to show that on 13 August 2010, defendant was sitting in his car in the parking lot of a shopping center in Gaston County which contained Roses and Bouquets Florist and several other stores. Ms. Patricia Crumbley, who worked at Roses and Bouquets, observed defendant masturbating in his car and called the police. Mr. Kyle Clark, who worked in the same shopping center, was informed that someone had been seen masturbating in the parking lot and went to take a look and to record the perpetrator's license plate number. Mr. Clark testified that he observed defendant rubbing himself but that his pants were up at the time.

A few minutes later, as Sgt. Clark (Mr. Clark's father) and Officer Sherrill of the Gastonia Police Department pulled into the parking lot, defendant's car pulled away and left. After getting the vehicle description and license plate information, the police alerted other units in the area to be on the lookout for defendant's car. As he was pulling into the parking lot, Officer Sherrill noticed that a car driven by defendant fit the description and information given, turned around, and pulled it over. When Officer Sherrill approached defendant's car he saw that defendant had his shorts down, with the waistband around his thighs and his genitals exposed. The officer demanded that defendant show his hands several times before defendant complied. Officer Sherrill then opened defendant's driver side door, had him step out, informed him that he was being arrested, and asked defendant to put his hands behind his back. Rather than complying, defendant tried "to turn in a circle" and began defecating on the ground. Officer Sherrill ordered defendant to give him his right arm five or six times and threatened to use force before defendant finally complied. Once in handcuffs, defendant did not attempt to resist.

The jury returned verdicts of guilty as to both charges. On 16 February 2012, the trial court entered judgment and sentenced defendant to 60 days in jail for indecent exposure and a consecutive sentence of 60 days suspended upon 24 months of supervised probation for resisting a public officer. Defendant filed timely written notice of appeal on 20 February 2012.

## II. Instruction on the Lawfulness of Arrest

[1] Defendant first argues on appeal that the trial court erred by instructing the jury that an arrest for indecent exposure would be a lawful arrest in the jury charge on resisting a public officer. Defense

counsel did not object to the contested instruction either during the charge conference or after the instructions had been given.

At trial, defendant did not allege any defect in his arrest for public indecency. On appeal, defendant argues that the judge erred by instructing the jury that "an arrest for indecent exposure would be a lawful arrest" when his arrest was unlawful because a misdemeanor arrest is only lawful under N.C. Gen. Stat. § 15A-401 (2009) if there is an emergency situation, the offense is committed in the presence of the officer, or if it is one of the enumerated offenses in N.C. Gen. Stat. § 15A-401(b)(2).

Jury instructions not challenged at trial are normally reviewed for plain error. *See State v. Goforth,* 170 N.C. App. 584, 587, 614 S.E.2d 313, 315 (2005). Nevertheless, a "trial court's omission of elements of a crime in its recitation of jury instructions is" treated as an unwaivable violation of the right to a unanimous jury found in Article I, Section 24 of the North Carolina Constitution, and, therefore, is "reviewed under the harmless error test." *State v. Bunch,* 363 N.C. 841, 845, 689 S.E.2d 866, 869 (2010); *see State v. Wilson,* 363 N.C. 478, 486-87, 681 S.E.2d 325, 331 (2009) (holding that a challenge to a violation of the right to a unanimous jury where the trial court instructed one juror separate from the rest of the jury is deemed preserved notwithstanding a defendant's failure to object at trial because the right is "fundamental to our system of justice," so that such errors are reviewed for harmless error.).

Defendant contends that by instructing the jury that an arrest for indecent exposure would be a lawful arrest the trial court omitted an essential element from the jury instruction and that therefore harmless error applies. Harmless error analysis does not apply here, however, because the trial court did not omit any element from his jury charge.

The trial court instructed the jury that

> The defendant has also been charged with resisting a public officer. Now, I charge you for you to find the defendant guilty of this offense, the state must prove five things beyond a reasonable doubt:
>
> First, that the victim was a public officer. A police patrol officer is a public officer;
>
> Second, that the defendant knew or had reasonable grounds to believe that the victim was a public officer;

Third, that the victim was attempting to make a lawful arrest. *Arresting the defendant for indecent exposure would be a lawful arrest;*

Fourth, that the defendant resisted, delayed, or obstructed the victim in attempting to make a lawful arrest.

And fifth, that the defendant acted willfully and unlawfully, that is, intentionally and without justification or excuse.

So I charge you that if you find from the evidence beyond a reasonable doubt that on or about the alleged date the victim was a public officer, that the defendant knew or had reasonable grounds to believe that the victim was a public officer, that the victim was attempting to make a lawful arrest, and that the defendant willfully and unlawfully resisted, delayed, or obstructed the victim in attempting to make a lawful arrest, it would be your duty to return a verdict of guilty. However, if you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.

The trial court thus instructed the jury on all five elements of resisting a public officer under N.C. Gen. Stat. § 14-223. *See State v. Dammons,* 159 N.C. App. 284, 294, 583 S.E.2d 606, 612 (2003). The error alleged by defendant is an error in the contents of an instruction concerning an element, not the omission of an element as addressed in *Bunch.* Therefore, we review the alleged error for plain error.

Under the plain error standard, defendant must show that the instructions were erroneous and that absent the erroneous instructions, a jury probably would have returned a different verdict. The error in the instructions must be so fundamental that it denied the defendant a fair trial and quite probably tilted the scales against him. It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court. In deciding whether a defect in the jury instruction constitutes "plain error," the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt.

*Goforth,* 170 N.C. App. at 587, 614 S.E.2d at 315 (citations and quotation marks omitted).

Defendant was charged with resisting a public officer under N.C. Gen. Stat. § 14-223, which states: "If any person shall willfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge a duty of his office, he shall be guilty of a Class 2 misdemeanor." N.C. Gen. Stat. § 14-223 (2009). "The offense of resisting arrest, both at common law and under the statute, G.S. 14—223, presupposes a lawful arrest." *State v. Jefferies,* 17 N.C. App. 195, 198, 193 S.E.2d 388, 391 (1972) (citation omitted), *disc. rev. denied,* 282 N.C. 673, 194 S.E.2d 153 (1973).

It is well established that the State must prove that the arrest underlying a charge for resisting arrest was lawful beyond a reasonable doubt. In *State v. Jeffries,* we observed that it was error for the trial court to fail to have the jury decide the question of whether the officer had reasonable grounds to believe that the defendant had committed a misdemeanor offense in his presence. 17 N.C. App. at 199, 193 S.E.2d at 392. In *State v. Fenner,* our Supreme Court noted that

> [i]t was incumbent upon the State to satisfy the jury from the evidence beyond a reasonable doubt that defendant violated [the relevant misdemeanor statute] in the presence of the officer, or that the officer had reasonable grounds to believe the defendant had done so, in order to establish the authority and duty of the officer to make the arrest without a warrant.

*State v. Fenner,* 263 N.C. 694, 701, 140 S.E.2d 349, 354 (1965) (citation omitted). "[T]he reasonableness of the officer's grounds to believe the defendant had committed a misdemeanor in the officer's presence, *when properly raised,* is a factual question to be decided by the jury." *Jefferies,* 17 N.C. App. at 199, 193 S.E.2d at 392 (emphasis added).

It is not error for the trial court to not instruct the jury on the question of the lawfulness of the arrest if the evidence does not support such an instruction. *See State v. Honeycutt,* 237 N.C. 595, 598, 75 S.E.2d 525, 527 (1953) (finding no prejudicial error in a trial court's instruction concerning resisting arrest that lacked an instruction on the legality of the arrest where "[a]n examination of the record discloses as we have seen that the validity of the warrant was never challenged during the course of the trial. . . [and] [n]owhere in the defend-ant's evidence, or in the cross-examination of the State's witnesses, is there any intimation that the warrant was invalid."); *Jeffries,* 17 N.C. App. at 198, 193 S.E.2d at 391 ("In [an unlawful arrest] the person attempting the arrest stands in the position of a

wrongdoer and may be resisted by the use of force, *as in self-defense.*" (emphasis added)); *State v. Lewis,* 27 N.C. App. 426, 433, 219 S.E.2d 554, 559 (1975) ("The trial court is required to charge on self-defense, even without a special request, when, but only when, there is some construction of the evidence from which could be drawn a reasonable inference that the defendant assaulted the victim in self-defense.") (citation omitted), *disc. rev. denied,* 289 N.C. 141, 220 S.E.2d 799 (1976). [1]

Here, the defendant never claimed at trial that he was acting in response to an unlawful arrest, nor did the evidence support a reasonable inference that he did so. Defendant concedes that Officer Sherrill had probable cause to arrest him for indecent exposure. Defendant only contends that his warrantless arrest was unlawful because the misdemeanor offense was not committed in Officer Sherrill's presence and because the other statutory justifications set out in N.C. Gen. Stat. § 15A-401(b) did not exist.

We have previously held that where a "defendant was in an automobile traveling away from the scene of the crime, . . . officers were warranted in the belief that defendant would not be apprehended unless immediately arrested. Thus, in arresting the defendant without a warrant for a misdemeanor offense not committed in their presence, the arresting officers complied with N.C. Gen. Stat. § 15A-401(b)[.]" *State v. Tilley,* 44 N.C. App. 313, 317, 260 S.E.2d 794, 797 (1979).

Here, the evidence showed the same factual circumstances. At the time of defendant's arrest he was leaving the scene of the crime in his car. Officer Sherrill saw Mr. Clark pointing to the blue truck, which matched the description being given out over the radio, pulling out of the parking lot. Officer Sherrill had probable cause to believe "that defendant would not be apprehended unless immediately arrested" and therefore the arrest complied with N.C. Gen. Stat. § 15A-401(b). *Id.* The fact that the officers had already received defendant's license plate number and other identifying information is immaterial to this determination. Therefore, we hold that under the facts of this case, it was not error for the trial court to instruct the jury that "an arrest for indecent exposure would be a lawful arrest".

---

1. We note that the trial judge here correctly left the question of whether Officer Sherrill was, in fact, effectuating a lawful arrest when defendant allegedly resisted for the jury's determination.

### III.  Sufficiency of the Evidence of Resisting a Public Officer

**[2]**  Defendant next argues that the State failed to present sufficient evidence that his arrest was lawful and that defendant willfully resisted to sustain a charge of resisting a public officer. We disagree.

> The standard of review for a motion to dismiss is well known. A defendant's motion to dismiss should be denied if there is substantial evidence of: (1) each essential element of the offense charged, and (2) of defendant's being the perpetrator of the charged offense. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. The Court must consider the evidence in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from that evidence. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve.

*State v. Teague*, ___ N.C. App. ___, ___, 715 S.E.2d 919, 923 (2011) (citation and quotation marks omitted), *disc. rev. denied*, ___ N.C. ___, 720 S.E.2d 684 (2012).

As stated above, because Officer Sherrill had probable cause to believe that defendant was fleeing the scene of the crime and, as defendant concedes, the officers had probable cause to believe that he had committed indecent exposure, his warrantless arrest was lawful. *See Tilley*, 44 N.C. App. at 317, 260 S.E.2d at 797. Therefore, there was substantial evidence that defendant was being subjected to a lawful arrest at the relevant time.

Defendant also claims that there was insufficient evidence that his resistance was willful because he was merely trying to pull his pants up when Officer Sherrill asked him to step out of the car. "Willful means more than intentional. It means without just cause, excuse, or justification." *State v. Fowler*, 22 N.C. App. 144, 147, 205 S.E.2d 749, 751 (1974). Defendant argues that the only reasonable conclusion from the evidence is that defendant was justified in resisting arrest because he was merely trying to pull up his pants.

In reviewing a motion to dismiss, we "consider the evidence in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from that evidence." *Teague*, ___ N.C. App. at ___, 715 S.E.2d at 923. According to his testimony, when Officer Sherrill approached defendant's car, he noticed that defend-

ant's shorts were around his thighs and that his genitals were exposed. Officer Sherrill described his subsequent interaction with defendant:

> Once Mr. Smith stood, he exited his vehicle, his shorts fell to the ground. . . . I then turned Mr. Smith around to detain him while we were still investigating. . . . I grabbed his arm, and he refused to give me his right arm. I had a hold of his left arm. . . . I had given him commands to put his arm behind his back, and at that point I had to almost get physical with him. At that time another officer arrived, and he grabbed his right arm, I had a hold of his left arm. We placed him in handcuffs. . . . [Before successfully placing him in handcuffs,] [h]e did continue to resist by not giving me the hands.

"When a person has been lawfully arrested by a lawful officer and understands that he is under arrest, it is his duty to submit peaceably to the arrest." *State v. Cooper*, 4 N.C. App. 210, 214, 166 S.E.2d 509, 513 (1969). Although his shorts were around his ankles when Officer Sherrill was attempting to arrest him, that fact was no fault of the officer, as defendant had been driving on public streets with his shorts unbuttoned and lowered to around his thighs. Although Officer Sherrill observed defendant twisting his shorts around when he approached defendant's vehicle, defendant did not take that opportunity to pull his shorts up. Given that defendant consistently delayed in following Officer Sherrill's instructions, a reasonable juror could conclude that defendant's subsequent attempts to pull his pants up did not constitute justification for refusing to obey Officer Sherrill's commands to "submit peaceably to the arrest." *Cooper*, 4 N.C. App. at 214, 166 S.E.2d at 513. Therefore, we hold that the trial court did not err in denying defendant's motion to dismiss.

### IV. Denial of Defendant's Mistrial Motion

[3] Defendant next contends that the trial court erred in denying his motion for a mistrial after Sgt. Clark mentioned that defendant was a convicted sex offender in Mecklenburg County.

> Generally a motion for mistrial is a matter addressed to the sound discretion of the judge, and absent a showing of abuse of discretion the ruling will not be disturbed on appeal. . . . A mistrial is a drastic remedy, warranted only for *such serious improprieties as would make it impossible to attain a fair and impartial verdict.*

*State v. Hester*, ___ N.C. App. ___, ___, 715 S.E.2d 905, 906-07 (2011) (citations, quotation marks, and brackets omitted) (emphasis in original).

> The general rule is that in a prosecution for a particular crime, the State cannot offer evidence tending to show that the accused has committed another distinct, independent, or separate offense. . . . In appraising the effect of incompetent evidence once admitted and afterwards withdrawn, the Court will look to the nature of the evidence and its probable influence upon the minds of the jury in reaching a verdict. In some instances because of the serious character and gravity of the incompetent evidence and the obvious difficulty in erasing it from the mind, the Court has held to the opinion that a subsequent withdrawal did not cure the error. But in other cases the trial courts have freely exercised the privilege, which is not only a matter of custom but almost a matter of necessity in the supervision of a lengthy trial. Ordinarily where the evidence is withdrawn no error is committed. This is also the rule when unresponsive answers of a witness include incompetent prejudicial statements and the court on motion or *Ex mero motu* instructs the jury they are not to consider such testimony. Whether the prejudicial effect of such incompetent statements should be deemed cured by such instructions depends upon the nature of the evidence and the circumstances of the particular case.

*State v. Aycoth*, 270 N.C. 270, 272-73, 154 S.E.2d 59, 60-61 (1967).

Here, defense counsel asked Sgt. Clark on cross-examination, "when you were on the scene with Mr. Smith, did he ever say he had any kind of medical problems that you heard or explain to you why he was—" Sgt. Clark responded,

> He said several things. He said that he wanted to know what was going on. He said that he had asked a girl out on a date. At some point he said that he had Crone's [sic] disease and he was trying to adjust his pants, and he also told me that he was a convicted sex offender in Mecklenburg.

Defense counsel immediately objected, moved to strike, and moved for a mistrial. The trial court opined that defense counsel may

have opened the door to the testimony about defendant's prior offense by asking what defendant said and not moving *in limine* to exclude that portion of defendant's statement to Sgt. Clark. Nevertheless, the trial court sustained defendant's objection, granted defendant's motion to strike and delivered the following curative instruction:

> Ladies and gentlemen, I have, as you heard, sustained the objection, granted a motion to strike in regard to Officer Clark's last statement in response to a question to him. Since I have granted the motion to strike, that means that that statement is stricken from the record, and I am instructing you to totally disregard and not consider that statement in your deliberations in this case.

Sgt. Clark did not mention defendant's prior conviction on direct examination and never mentioned it again on cross examination.

Ordinarily, inadmissible testimony by a witness "may be cured by [proper instruction] by the trial court, since the presumption is that jurors will understand and comply with the instructions of the court." *State v. Britt*, 288 N.C. 699, 713, 220 S.E.2d 283, 292 (1975) (citations omitted). Defendant contends that evidence that he was previously convicted of a sex offense is so highly prejudicial "that no curative instruction will suffice to remove the adverse impression from the minds of the jurors." *Id.* We disagree.

Defendant cites *State v. Austin* and *State v. Britt* to support his contention. In *Austin*, the trial court had erroneously admitted an unauthenticated hotel registration card over defendant's objection during a trial for incest. *State v. Austin*, 285 N.C. 364, 367, 204 S.E.2d 675, 677 (1974). Our Supreme Court held that the trial court had committed prejudicial error because of the powerfully corroborative nature of the evidence and the fact that the card was the "only evidence other than his daughter's testimony which bore directly upon the question whether defendant had incestuous relations with her." *Id.* The Court observed that "[a]ny attempt by the judge to restrict this evidence would have been futile, for no limiting instruction could have overcome its devastatingly prejudicial effect upon defendant's case." *Id.*

In *Britt*, the prosecutor mentioned on cross-examination of the defendant that he had been previously convicted and sentenced to death in the same case. *Britt*, 288 N.C. at 707-08, 220 S.E.2d at 288-89. The trial judge in *Britt* issued a curative instruction which included that "defendant previously had been convicted of first degree murder

and sentenced to death but his conviction had been reversed by the Supreme Court of North Carolina so that the present trial was entirely new." *Id.* at 708, 220 S.E.2d at 289. The Court held "that no instruction by the trial court could have removed from the minds of the jurors the prejudicial effect that flowed from knowledge of the fact that defendant had been on death row as a result of his prior conviction of first degree murder in this very case." *Id.* at 713, 220 S.E.2d at 292.

The link between the inadmissible evidence and the charged crime was clear and unmistakable in both of the cases upon which defendant relies. Here, the vague statement that defendant is a convicted sex offender in no way corroborates any of the State's other evidence. Although defendant argues that it might make the State's witnesses seem more credible, the connection between the incompetent evidence and the crime at issue here is much weaker than it was in *Austin*. Further, a prosecutor's statement, as in *Britt*, that a defendant had previously been convicted of the same crime and sentenced to death for that crime is not comparable to a single, vague mention of a prior sex crime conviction, especially where the statement came in response to a question by defense counsel on cross-examination.

We hold that the trial court did not abuse its discretion in denying defendant's motion for mistrial. The trial court promptly sustained defendant's objection, granted his motion to strike, and issued a curative instruction that properly addressed the inadmissible evidence without repeating it. This case is not one where "no instruction by the court could have removed from the minds of the jurors the prejudicial effect" of the evidence. *Id.* Rather, the error could be cured by prompt and adequate action by the trial court, "since the presumption is that jurors will understand and comply with the instructions of the court." *Id.* Because the trial court took such action, we hold that, even assuming that defendant did not open the door to the admission of the contested evidence, the trial court did not abuse its discretion in denying defendant's motion for a mistrial.

## V. Conclusion

In summary, we find no error in the trial court's instructions to the jury, denial of defendant's motion to dismiss, and denial of defendant's motion for a mistrial.

NO ERROR.

Chief Judge MARTIN and Judge ERVIN concur.