NO. COA13-1323

NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

STATE OF NORTH CAROLINA

    v.                           Beaufort County
                                 Nos. 11 CRS 52170-71

GREGVON SATTERTHWAITE


Appeal by defendant from judgment entered 25 June 2013 by Judge W. Russell Duke, Jr. in Beaufort County Superior Court. Heard in the Court of Appeals 22 April 2014.

> *Roy Cooper, Attorney General, by E. Burke Haywood, Special Deputy Attorney General, for the State.*
>
> *Leslie C. Rawls for defendant-appellant.*


STEELMAN, Judge.


Where the indictment alleged possession of plastic baggies as drug paraphernalia, and the State did not present evidence of plastic baggies, the trial court erred in denying defendant's motion to dismiss the charge of possession of drug paraphernalia. Where the cold record does not demonstrate whether defendant received ineffective assistance of counsel, this argument is dismissed without prejudice.

## I. Factual and Procedural Background

In 2011, Brandi Lynn Cooke (Cooke) was charged with trafficking in controlled substances. In order to seek more favorable treatment for her charges, Cooke began working with Beaufort County Sheriff's Lieutenant Josh Shiflett (Shiflett) to investigate local drug dealers. Cooke informed Shiflett that one of her suppliers was Gregvon Satterthwaite (defendant), also known as "Popcorn."

On 25 May 2011, Cooke called defendant to set up a drug buy. Afterwards, Cooke contacted Shiflett and set up the deal as an undercover hydrocodone purchase. In advance of the deal, police searched Cooke and her car, and provided her with audio and video recording equipment, as well as $220 from the department's special funds for controlled substance purchases.

While Cooke was under police surveillance, defendant approached Cooke's vehicle and got into the front seat. Cooke gave defendant $200, and defendant gave Cooke a bottle of pills. Defendant then left. Cooke gave the pills to police. There were sixty pills of one variety, and ten of another; Shiflett tentatively identified the pills as hydrocodone. The pills were then sent to the SBI for testing to confirm their chemical composition.

Lauren Wiley (Wiley), a forensic chemist for the SBI, testified as to the analyses performed on the pills. The sixty white pills weighed 38.2 grams, and each contained 500 milligrams of acetaminophen and 5 milligrams of hydrocodone. The ten yellow pills weighed 4.2 grams, and each contained 325 milligrams of acetaminophen and 10 milligrams of hydrocodone.

Defendant was indicted for trafficking in opium by possession, trafficking in opium by transportation, trafficking in opium by sale, trafficking in opium by delivery, and possession of drug paraphernalia. On 25 June 2013, the jury found defendant guilty of all charges. The trial court arrested judgment on the conviction for trafficking in opium by delivery. The remaining charges were consolidated, and defendant was sentenced to an active term of imprisonment of 225-279 months. The trial court also imposed a $500,000.00 fine.

Defendant appeals.

## II. Denial of Motion to Dismiss

In his first argument, defendant contends that the trial court erred in denying his motion to dismiss the charge of possession of drug paraphernalia. We agree.

## A. Standard of Review

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

## B. Analysis

The indictment that charged defendant with possession of drug paraphernalia stated that he possessed plastic baggies used to package and repackage pills. At trial, however, the State did not present any evidence of baggies. Instead, the evidence showed that defendant delivered the pills to Cooke in a bottle. Defendant contends that the absence of evidence of plastic baggies required the trial court to dismiss the charge of possession of drug paraphernalia, and that it was error to fail to do so.

N.C. Gen. Stat. § 90-113.22 makes it "unlawful for any person to knowingly use, or to possess with intent to use, drug paraphernalia to . . . package, repackage, store, contain, or conceal a controlled substance . . ." N.C. Gen. Stat. § 90-113.22(a) (2013). "Drug paraphernalia" is defined as "all equipment, products and materials of any kind that are used to facilitate, or intended or designed to facilitate, violations of

the Controlled Substances Act[.]"  N.C. Gen. Stat. § 90-113.21(a) (2013).  According to this definition:

> "Drug paraphernalia" includes, but is not limited to, the following:
>
> . . .
>
> (9) Capsules, balloons, envelopes and other containers for packaging small quantities of controlled substances;
>
> (10) Containers and other objects for storing or concealing controlled substances;

N.C. Gen. Stat. § 90-113.21(a).  Defendant contends that because the indictment was specifically based upon "baggies," the State was required to present substantial evidence that defendant possessed plastic baggies as drug paraphernalia.

This Court faced a similar issue in the case of *State v. Moore*.  In that case:

> According to Defendant's indictment, Defendant allegedly possessed "drug paraphernalia, to wit: a can designed as a smoking device." However, none of the evidence elicited at trial related to a can; rather, the evidence described crack cocaine in a folded brown paper bag with a rubber band around it.

*State v. Moore*, 162 N.C. App. 268, 273, 592 S.E.2d 562, 565 (2004).  Defendant's motion to dismiss the charge was denied, and the trial court granted the State's motion to amend the

indictment, replacing the reference to the can with reference to the folded brown paper bag.  We held that:

> As common household items and substances may be classified as drug paraphernalia when considered in the light of other evidence, in order to [m]ount a defense to the charge of possession of drug paraphernalia, a defendant must be apprised of the item or substance the State categorizes as drug paraphernalia. Accordingly, we conclude the amendment to the indictment constituted a substantial alteration of the charge set forth in the indictment. Moreover, as no evidence of "a can designed as a smoking device" was presented, we conclude the trial court erroneously denied Defendant's motion to dismiss.

*Moore*, 162 N.C. App. at 274, 592 S.E.2d at 566.

In the instant case, as in *Moore*, defendant was charged with possession of drug paraphernalia, specifically plastic baggies.  The only evidence of paraphernalia at trial was of bottles.  We hold that the specific items alleged to be drug paraphernalia must be enumerated in the indictment, and that evidence of such items must be presented at trial.  Because the State failed to present such evidence, the trial court erred in denying defendant's motion to dismiss the charge of possession of drug paraphernalia.

Since the remaining charges in the consolidated judgments require the imposition of a mandatory sentence, it is

unnecessary to resentence defendant. *State v. Llamas-Hernandez*, 363 N.C. 8, 673 S.E.2d 658 (2009) (adopting dissent from Court of Appeals, 189 N.C. App. 640, 654-55, 659 S.E.2d 79, 88 (2008)).

## III. Ineffective Assistance of Counsel

In his second argument, defendant contends that his trial counsel was ineffective. We dismiss this argument without prejudice.

## A. Standard of Review

> It is well established that ineffective assistance of counsel claims "brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." Thus, when this Court reviews ineffective assistance of counsel claims on direct appeal and determines that they have been brought prematurely, we dismiss those claims without prejudice, allowing defendant to bring them pursuant to a subsequent motion for appropriate relief in the trial court.

*State v. Thompson*, 359 N.C. 77, 122-23, 604 S.E.2d 850, 881 (2004) (citations omitted) (quoting *State v. Fair*, 354 N.C. 131, 166, 557 S.E.2d 500, 524 (2001)), *cert. denied*, 546 U.S. 830, 163 L. Ed. 2d 80 (2005).

## B. Analysis

Defendant contends that his trial counsel proceeded under an inaccurate understanding of the law as to how mixtures of controlled substances are considered for purposes of weight under our drug trafficking statutes. Defendant contends that, as a result, his counsel incorrectly advised him concerning a plea offer. Defendant contends that he relied upon counsel's advice in pleading not guilty. However, the cold record of the case does not conclusively demonstrate whether defendant received ineffective assistance of counsel. We hold that addressing such a matter would be premature, and dismiss this argument without prejudice to defendant filing a motion for appropriate relief in the trial court.

## IV. Conclusion

The charge of possession of drug paraphernalia is vacated, and that issue is remanded to the trial court with instructions to dismiss that charge. The balance of the charges are not challenged upon appeal. Defendant's contentions concerning ineffective assistance of counsel are dismissed without prejudice.

VACATED AND REMANDED IN PART, DISMISSED IN PART.

Judges HUNTER, Robert C., and BRYANT concur.