STATE OF NORTH CAROLINA v. ROBERT AARON TILLEY

No. 791SC548

(Filed 18 December 1979)

1. **Arrest and Bail § 3.5; Criminal Law § 75.1— probable cause for arrest—officer requesting arrest by radio—statements not fruit of illegal arrest**

    Officers had probable cause to arrest defendant in Tyrrell County for a misdemeanor not committed in their presence pursuant to G.S. 15A-401(b) where a police officer in Manteo, Dare County, observed a car leave the gas pumps of a motor company at a high rate of speed at 2:30 a.m.; the officer pursued the car but was unable to intercept it; the officer then discovered that the coin-operated self-service apparatus on a gas pump at the motor company had been broken open; the officer called officers in adjoining Tyrrell County and asked that they stop a described vehicle; and a Tyrrell County officer thereafter stopped a car fitting such description while it was occupied by defendant, since officers in Tyrrell County could properly arrest a suspect at the request of a Manteo officer who had probable cause to believe that the suspect had committed the offense of breaking into a coin-operated gas pump. Therefore, statements made by defendant to officers were not inadmissible as fruit of an illegal arrest.

2. **Burglary and Unlawful Breakings § 2— breaking into coin- or currency-operated machine—requirements for warning decal not element of crime**

    The requirement of G.S. 14-56.1 and G.S. 14-56.3 that a decal be posted on coin-operated or paper currency vending machines stating that it is a crime to break into vending machines is not an element of the offense of forcibly breaking into a coin-operated or currency vending machine.

APPEAL by defendant from *Browning, Judge.* Judgment entered 17 January 1979 in Superior Court, DARE County. Heard in the Court of Appeals 23 October 1979.

Defendant was convicted of three misdemeanor charges of forcibly breaking and entering coin-operated machines in gas pumps in or near the Town of Manteo on 30 November 1978. He appeals from the consolidated judgment imposing a prison term of two years.

*Attorney General Edmisten by Associate Attorney Lucien Capone III for the State.*

*Kellogg, White and Evans by Billy G. Edwards for defendant appellant.*

CLARK, Judge.

[1] Defendant made a pretrial motion to suppress all written and oral statements made by him to law enforcement officers on the ground that such statements were the fruit of an arrest made without probable cause.

After the hearing on the motion, the court made findings of fact based on the testimony of Officers Robert D. Mauldin, Lt. David Griggs, and Billy Brown for the State and Barry Lee Whitehead for the defendant, as follows:

"That on November 30, 1978, at or near the Tillett Motor Company, Manteo, North Carolina, and at or about 2:30 A.M., a Manteo police department patrolman, Robert Mauldin, observed a blue-green Gremlin leaving the scene of the Tillett Motor Company at a high rate of speed; that he pursued the automobile which ran a red light while headed North on U.S. Highway 64, to the vicinity of Manns Habor, North Carolina, and there lost contact with the automobile.

That thereafter he returned to Manteo and the Tillett Motor Company; that Mr. Mauldin alerted the Sheriff's Department in Tyrrell County, and that sometime later, a little after 2:30, the Sheriff of Tyrrell County observed a car meeting the general description of the car seen by Mr. Mauldin, and bearing both defendants, and the car was stopped by the Tyrrell County Sheriff's Department, and that the Sheriff held the two defendants at gun point and asked them to exit the car, and placed them in a shelter for approximately one hour.

That thereafter the Sheriff of Tyrrell County called Dare County to ascertain why he had stopped the car and to tell them that he had the two defendants in custody; that while the two defendants were in the custody of the Sheriff of Tyrrell County, and Officer Mauldin they consented to a search of the automobile at which time the Sheriff and Officer Mauldin found a tire tool and a handgun. That thereafter Mr. Mauldin, of the Manteo police department, went to Tyrrell County at approximately 4:15 in the morning with warrants for the arrest of the two defendants. The warrants in both

cases, 3801 and 3856, are referred to by reference and made a part of this voir dire.

That the two defendants were then returned to Dare County at which time Mr. Tilley was advised of his rights and questioned by Mr. Mauldin at 6:15 A.M. That Mr. Tilley signed a written Waiver of those rights, which has been introduced as State's Exhibit 3 and is incorporated herein by reference.

That Mr. Whitehead was also advised of his rights pursuant to a form introduced as State's Exhibit 4, which is incorporated herein by reference.

That Mr. Tilley at that time made no statement, and that Mr. Whitehead made an oral statement to Officer Mauldin.

That thereafter, in the early afternoon, at approximately 1 P.M., on the said date, that is November 30th, 1978, Mr. Tilley and Mr. Whitehead were again advised of their rights, and in the presence of Lieutenant Griggs of the Nags Head police department, made both a written and oral statement. That State's Exhibit 2 is a written Waiver of the Rights, and contained on the back of State's Exhibit 2 is the statement written by Mr. Tilley, which is incorporated herein by reference.

That State's Exhibit 1 is the Written Waiver of Rights as to Mr. Whitehead, and that on the back of that statement contains the written statement of Mr. Whitehead, which is incorporated herein by reference.

That the statements of oral and written [*sic*] implicated the defendants in the criminal activities involved.

That at the time Lieutenant Griggs talked to the defendants he told them that he would discuss with the District Attorney the possibility of having the cases consolidated for the purposes of trial.

That based on the foregoing Findings of Fact the Court concludes the following:

(1) That the statements made by both Mr. Tilley and Mr. Whitehead were made under such circumstances as did not violate their Constitutional rights and are admissible in trials

as to each defendant. Further that the statements made by Mr. Whitehead and Mr. Tilley were not made in the presence of the other defendant, and therefore are inadmissible in a joint trial of the two defendants.

(2) That search of the automobile in Tyrrell County by a Sheriff of Tyrrell County was made pursuant to a consent given by the defendants, and that the fruits of that search are thereby admissible in the trial of the case as to both Mr. Whitehead and Mr. Tilley.

(3) That the apprehension of Mr. Whitehead and Mr. Tilley was made upon probable cause under such circumstances as the officer in Tyrrell County could reasonably believe that the defendants would elude arrest if not detained at that time. Further that the Sheriff of Dare County obtained a lawful warrant upon which the arrest of both Mr. Tilley and Mr. Whitehead was effected, and that the arrest of both Mr. Tilley and Mr. Whitehead was made under such circumstances as did not violate the Constitutional rights of either of the defendants.

The Court now finds that the statements made as to the defendants and that the search of the defendants' car in Tyrrell County, and that the arrest of each of the defendants were made under such circumstances as did not violate the Constitutional rights of the defendants in these cases."

In determining the issue raised by defendant on appeal, we must determine first if the defendant's arrest was illegal, and, if so, whether the fruit of the poison tree doctrine requires an exclusion of the evidence. See *Wong Sun v. United States*, 371 U.S. 471, 9 L.Ed. 2d 441, 83 S.Ct. 407 (1963); *Brown v. Illinois*, 422 U.S. 590, 45 L.Ed. 2d 416, 95 S.Ct. 2254 (1975).

G.S. 15A-401(b)(2) provides that an officer may make an arrest without a warrant for a misdemeanor committed out of his presence if the officer has probable cause to believe the accused "will not be apprehended unless immediately arrested . . . ."

When Mauldin, a policeman in the Town of Manteo in Dare County, made a call to law enforcement officers in adjoining Tyrrell County requesting that they stop "a blue Pacer with a dark blue stripe," he had probable cause to believe that the occupants

of the vehicle had broken into a coin-operated gas pump on the premises of Tillett Motors. He saw the vehicle leave the scene at a high rate of speed and pursued it for eight miles without being able to get close enough to read the license number. Mauldin then returned to the scene and found that the self-service pump had been broken into. The facts and circumstances within the knowledge of Officer Mauldin were sufficient to warrant a prudent man in believing that the suspects had committed the offense of breaking into the coin-operated gas pump. See Strong's N.C. Index Arrest and Bail § 3.1 (1976).

The law officers in Tyrrell County who stopped the vehicle occupied by defendant and Barry Whitehead relied solely on the basis of a radio dispatch from Officer Mauldin. When the Tyrrell County officers held defendant and Whitehead at gunpoint and took them to the county jail, such control and custody constituted an arrest even though no formal declaration was made. *State v. Tippett,* 270 N.C. 588, 155 S.E. 2d 269 (1967); *State v. Ausborn,* 26 N.C. App. 481, 216 S.E. 2d 396 (1975). The law officers did not have probable cause to arrest the defendant, but it is established that probable cause for an arrest can be imputed from one officer to others acting at his request. The officers receiving the request are entitled to assume that the officer requesting aid had probable cause to believe that a crime had been committed. If the transmitting officer did not have probable cause, the arrest would be illegal. *Whitley v. Warden,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed. 2d 306 (1971); *State v. Jacobs,* 277 N.C. 151, 176 S.E. 2d 744 (1970); *State v. Westry,* 15 N.C. App. 1, 189 S.E. 2d 618, *cert. denied,* 281 N.C. 763, 191 S.E. 2d 360 (1972).

Since defendant was in an automobile traveling away from the scene of the crime, both Officer Mauldin and the Tyrrell County officers were warranted in the belief that defendant would not be apprehended unless immediately arrested. Thus, in arresting the defendant without a warrant for a misdemeanor offense not committed in their presence, the arresting officers complied with N.C. Gen. Stat. § 15A-401(b), and the arrest was both constitutionally valid and legal.

Even assuming, *arguendo,* that the defendant had been illegally arrested and held at the time he made the confession, this was not sufficient to render his confession, otherwise voluntarily

competent as a matter of law, inadmissible. Nonetheless, the facts and circumstances surrounding the illegal arrest and the in-custody statement should be considered in determining whether the confession is voluntary and admissible. *State v. Sanders*, 295 N.C. 361, 245 S.E. 2d 674 (1978); 4 Strong's N.C. Index 3d *Criminal Law* § 75.1 (1976). In the instant case the findings of fact and conclusions made by the trial court in ruling on the voluntariness of the confessions are fully supported by the evidence.

[2]    Defendant also contends that since N.C. Gen. Stat. §§ 14-56.1 and 14-56.3 provide that on coin-operated and paper currency machines referred to in the statutes a decal shall be posted stating it is a crime to break into them, that this provision is a necessary element of the offense charged. We find no merit in this argument. *State v. Whitehead*, 42 N.C. App. 506, 257 S.E. 2d 131 (1979). The posting provision is set out in a separate paragraph and is not couched in the terms of a proviso. An interpretation that a person could not be convicted of breaking into such machines unless there was a decal posted thereon would strain to the limits reason and common sense. We find that the decal posting provision was added by the legislature for the purpose of an added deterrent effect. Where possible, the language of a statute will be interpreted so as to avoid an absurd consequence. *State v. Hart*, 287 N.C. 76, 213 S.E. 2d 291 (1975).

We find that the defendant had a fair trial free from prejudicial error.

No error.

Judges HEDRICK and MARTIN (Harry C.) concur.