IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-38

 Filed: 3 December 2019

Durham County, No. 17CRS51421

STATE OF NORTH CAROLINA

 v.

BENJAMIN FIELDS

 Appeal by the State from order entered 12 September 2018 by Judge Keith

Gregory in Durham County Superior Court. Heard in the Court of Appeals 9 May

2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Joseph L.
 Hyde, and Durham County Assistant District Attorney, by Adam Williamson,
 for the State-Appellant.

 Office of the Appellate Defender, by Assistant Appellate Defender Sterling P.
 Rozear, for the Defendant-Appellee.

 COLLINS, Judge.

 The State appeals from an order granting Defendant’s motion to suppress,

heard at a pretrial hearing on Defendant’s charge of driving while impaired. On

appeal, the State’s overarching argument is that the trial court erred in allowing the

motion because the State had probable cause to arrest Defendant. We find no merit

in the State’s arguments and affirm the trial court’s order.

 I. Procedural History
 STATE V. FIELDS

 Opinion of the Court

 On 24 February 2017, Defendant was issued a North Carolina Uniform

Citation for, inter alia, driving while impaired. On 18 April 2018, following a bench

trial in district court, Defendant was found guilty of driving while impaired. The trial

court entered judgment and sentenced Defendant to 36 months’ imprisonment.

Defendant appealed to superior court.

 On 5 June 2018, Defendant filed a motion to suppress evidence derived from

his arrest, arguing there was no probable cause to support the arrest. At a hearing

on 20 August 2018, the trial court orally allowed Defendant’s motion. The State

immediately gave oral notice of appeal in open court. The trial court entered a written

order on 12 September 2018 reflecting its ruling from the bench. The State filed

written notice of appeal from the 12 September 2018 order on 3 October 2018.1

 II. Factual Background

 On 24 February 2017, Officer Daryl Macaluso of the Durham Police

Department responded to a disturbance call near the 800 block of Briggs Avenue.

The caller reported a green pickup truck driving erratically and “attempting to hit

people.”

Macaluso’s Testimony

 Macaluso testified that as he approached the area, he was flagged down by an

“extremely intoxicated” man who was telling him about the vehicle trying to run

 1 We note that while the Notice of Appeal was signed and served on 3 October 2018, the clerk
of court’s file stamp indicates 3 September 2018.

 -2-
 STATE V. FIELDS

 Opinion of the Court

people over. Macaluso further testified, “I saw a vehicle that fit the description

passing me . . . . And that vehicle was driven by the defendant. I clearly took a look

at him while he was driving by.” The intoxicated man did not react to the green

pickup truck, nor did he “make references to the vehicle passing” them. The green

pickup truck was not driving erratically or committing any traffic violations, and

Macaluso did not follow the truck.

 Macaluso drove his car around the block. Upon his return to the Briggs Avenue

area, he was approached by “a lot more intoxicated people” who attempted to explain

what had occurred. About two minutes later, as Macaluso was speaking with the

group, Defendant approached on foot from about a half-block away. Macaluso noticed

that Defendant was unsteady on his feet and slurred his speech. Defendant appeared

angry and complained that he had been sold “fake crack.” Macaluso asked Defendant

to wait in the back of the patrol car while he investigated, and eventually called for

backup in conducting an impaired driving investigation.

Munter’s Testimony

 Investigator Gabriel Munter responded to the call to investigate. When he

arrived at the scene, he found Defendant sitting in the backseat of Macaluso’s patrol

car. Because Munter had not seen Defendant drive, Munter told Macaluso, “I would

need you to put him behind the wheel.” Munter testified, “I’m not going to pick up an

impaired driving investigation unless that’s been established by another officer

 -3-
 STATE V. FIELDS

 Opinion of the Court

because I wasn’t there and I didn’t see the driving. So if [Macaluso] can put him

behind the wheel, yes, I’ll pick up the investigation from that point.” Munter testified

that Macaluso “said that he saw [Defendant] driving. [Macaluso] said, He passed me,

I believe were his words.”

 Munter proceeded to investigate a green pickup truck parked at the Big Apple

Mini-mart. Munter found an empty liquor container in the back of the truck, but

testified that it appeared to have been there a while. Munter did not check the

temperature of the truck, exhaust pipe, or hood while he conducted his investigation.

Munter returned to the Briggs Avenue area, where he conducted various field

sobriety tests on Defendant, including a horizontal gaze nystagmus test. Defendant

showed six out of six clues of impairment on the horizontal gaze nystagmus test.

Munter arrested Defendant and charged him with driving while impaired.

Body Camera Video

 Munter’s body camera captured video of the events on that day, and Munter

narrated the video while the jury watched it. At the beginning of the video, Munter

walked up to Macaluso and asked questions about the original phone call tip

regarding an erratic driver trying to hit people. The video then captured Macaluso

telling Munter, “I didn’t know that was [Defendant’s] car until someone else pointed

it out.”

Mini-mart Video

 -4-
 STATE V. FIELDS

 Opinion of the Court

 Macaluso testified that he “continued to control the crowd” until Munter

arrested Defendant and left the scene. Following Munter’s departure, Macaluso went

to the Big Apple Mini-mart to see if they had video of the area. Macaluso obtained

video which “showed [Defendant] coming out of the truck and [he] got the video on a

flash drive.” However, Macaluso testified that the flash drive containing the video

was lost when Macaluso brought his patrol car in for repairs. Macaluso testified,

“The flash drive is gone. There’s no video.” The State did not present the video at

the hearing.

 III. Discussion

 The State argues on appeal that the trial court erred by granting Defendant’s

motion to suppress because (1) the trial court lacked jurisdiction to enter the written

order after notice of appeal to this Court had been given, (2) the trial court’s findings

are not supported by the evidence, and (3) the trial court erred in finding no probable

cause to arrest Defendant. We address each argument in turn.

1. Trial Court’s Jurisdiction

 The State first argues that the trial court lacked jurisdiction to enter the

written order on 12 September 2018 because the State had given oral notice of appeal

immediately after the trial court announced its ruling from the bench on 20 August

2018. The State claims that once it gave notice of appeal, the trial court was without

 -5-
 STATE V. FIELDS

 Opinion of the Court

jurisdiction to enter any additional findings of fact or orders. The State’s argument

is meritless.

 This Court reviews jurisdictional issues de novo. State v. Oates, 366 N.C. 264,

266, 732 S.E.2d 571, 573 (2012). Generally, when appeal entries are noted, the appeal

becomes effective immediately, and the trial court is without authority to enter orders

affecting the merits of the case. State v. Grundler, 251 N.C. 177, 185, 111 S.E.2d 1,

7 (1959) (citation omitted). However, the trial court maintains jurisdiction to enter a

written order after notice of appeal has been given where the order does not “affect[]

the merits, but, rather, is a chronicle of the findings and conclusions” decided at a

prior hearing. State v. Walker, 255 N.C. App. 828, 830, 806 S.E.2d 326, 329 (2017)

(emphasis in original) (citation omitted).

 In this case, the trial court announced from the bench that Defendant’s motion

was allowed. In response to the State’s request for “findings of the facts[,]” the trial

court announced:

 I’ll reserve the right to find appropriate findings of fact.
 I’ve already indicated in open court that the State cannot
 make the nexus between the person that the officer saw
 driving, there were no traffic or Chapter 20 violations[,] to
 the person that came up two minutes later. I reserve the
 right to find further findings of fact. [Counsel for
 Defendant], you will prepare that order.

 The State then gave notice of appeal. The written order contains 21 findings

of fact, including the following:

 -6-
 STATE V. FIELDS

 Opinion of the Court

 Throughout the duration of the hearing the State’s
 evidence did not establish a nexus between the driver of
 the green pickup truck observed by Officer Macaluso,
 which was not observed violating any Chapter 20 offense,
 and the individual who later walked upon the raucous
 scene on Briggs Avenue.

The written order thus concludes “that the State did not meet their statutory burden

that of probable cause to arrest [Defendant] on February 24, 2017 for the offense of

driving while impaired.” The written order does not “affect[] the merits, but, rather,

is a chronicle of the findings and conclusions” decided at the motion to suppress

hearing, and thus, the written order is “not a new order affecting the merits of the

case.” Walker, 255 N.C. App. at 830, 806 S.E.2d at 329 (emphasis in original) (citation

omitted). Accordingly, the trial court had jurisdiction to enter the written order, and

we reject the State’s contention to the contrary. See State v. Smith, 320 N.C. 404,

415-16, 358 S.E.2d 329, 335 (1987) (the trial court had jurisdiction to enter a written

order out of term denying defendant’s motion to suppress where the order was “simply

a revised written version of the verbal order entered in open court which denied

defendant’s motion to suppress”) (quotation marks omitted); State v. Franklin, 224

N.C. App. 337, 345, 736 S.E.2d 218, 223 (2012) (the trial court had jurisdiction to

enter its written order denying defendant’s motion to suppress after defendant had

given notice of appeal as the written order “merely reduced its oral ruling to writing”)

(internal quotation marks, brackets, and citation omitted).

2. Contested Findings of Fact

 -7-
 STATE V. FIELDS

 Opinion of the Court

 The State next argues that the trial court’s findings of fact 9, 19, and 21 are

not supported by the evidence.

 This Court’s role in reviewing a trial court’s order on a motion to suppress “is

simply to determine whether the trial court’s findings of fact are supported by the

evidence and whether those findings support the court’s conclusions of law.” State v.

Campbell, 188 N.C. App. 701, 706, 656 S.E.2d 721, 725 (2008). “Our review is limited

to those facts found by the trial court and the conclusions reached in reliance on those

facts . . . .” State v. Derbyshire, 228 N.C. App. 670, 679, 745 S.E.2d 886, 893 (2013).

Unchallenged findings are deemed supported by competent evidence and are binding

on appeal. State v. Biber, 365 N.C. 162, 167, 712 S.E.2d 874, 878 (2011). Conclusions

of law are reviewed de novo. Id. at 168, 712 S.E.2d at 878.

 Finding 9

 Finding 9 states, “Officer Macaluso testified as to not seeing the green pickup

truck park or any individual get in or out of the vehicle.”

 At the hearing, the following exchange took place:

 [Defense Counsel]: And since this individual didn’t react
 to the car, you never pulled behind it?
 [Macaluso]: No.
 [Defense Counsel]: You never followed it down the road?
 [Macaluso]: I did not.
 [Defense Counsel]: You never mentioned in your report
 seeing it park?

 -8-
 STATE V. FIELDS

 Opinion of the Court

 [Macaluso]: No. I pulled around Holloway Street and it
 was parked at a Big Apple.
 [Defense Counsel]: You never mentioned seeing the car
 park -- sorry. The pick-up truck park?
 [Macaluso]: I did not mention seeing it park.
 [Defense Counsel]: In your report you didn’t put down
 seeing the pick-up truck park?
 [Macaluso]: Correct. I didn’t write that on my report.
 [Defense Counsel]: And in your report you never
 mentioned seeing anyone get in or out of this truck?
 [Macaluso]: Correct.
 This exchange supports the challenged finding of fact. The State argues this

finding is not supported by the evidence because “Macaluso testified he observed a

video at the mini-mart which showed Defendant getting out of his green pickup

truck.”2 Macaluso did testify that after Munter left with Defendant, Macaluso “went

to the Big Apple Mini-Mart to view a video” and “got the video on flash drive.”

However, Macaluso also testified that “[t]he video was lost” because he left the flash

drive in his patrol car when he brought the car to the mechanic. The State did not

introduce the video into evidence at the hearing. It is well-settled that the trial court

determines the credibility of the witnesses, the weight to be given to the testimony,

and “the reasonable inferences to be drawn therefrom.” State v. Icard, 363 N.C. 303,

312, 677 S.E.2d 822, 828 (2009). If different inferences may be drawn from the

evidence, the trial court determines which inferences shall be drawn and which shall

 2 The State makes no further legal argument regarding the sufficiency of this finding.

 -9-
 STATE V. FIELDS

 Opinion of the Court

be rejected. Knutton v. Cofield, 273 N.C. 355, 359, 160 S.E.2d 29, 33 (1968). The trial

court was free to give no weight to Macaluso’s testimony regarding viewing the Mini-

mart video.

 Moreover, Macaluso further testified that he observed the Mini-mart video

only after Defendant had been arrested. Whether probable cause exists is analyzed

at the moment of arrest, and “whether at that moment the facts and circumstances

within” an officer’s knowledge are sufficient to warrant arrest. State v. Streeter, 283

N.C. 203, 207, 195 S.E.2d 502, 505 (1973) (brackets and citation omitted). As

Macaluso had not yet viewed the video showing Defendant exit the truck, any

discrepancy in the evidence supporting this finding was irrelevant as the video could

not have contributed to any probable cause to arrest Defendant.

 Finding 19

 Finding 19 states, “Defendant submitted a single sample of breath on the

Preliminary Breath Test (PBT) before refusing to submit a second sample.” Video

recorded by Munter’s body camera and Munter’s narration of that video during the

hearing established that Defendant submitted a sample of breath. This evidence

supports the challenged finding.

 The State’s sole argument is that “Officer Munter testified that when he

attempted to get a breath sample, Defendant barked and bit at him. (T p. 42) No

evidence supports the finding that Defendant submitted a breath sample.” The State

 - 10 -
 STATE V. FIELDS

 Opinion of the Court

misrepresents the evidence presented at the hearing and makes no legal argument

concerning the sample submitted.

 Finding 21

 Finding 21 states, “Throughout the duration of the hearing the State’s evidence

did not establish a nexus between the driver of the green pickup truck observed by

Officer Macaluso, which was not observed violating any Chapter 20 offense, and the

individual who later walked upon the raucous scene on Briggs Avenue.” Macaluso

testified that he did not follow the green truck that passed him; instead, he drove his

car around the block and returned to the Briggs Avenue area. About two minutes

later, Defendant approached on foot from about a half-block away. Macaluso also

testified that he did not see the green pickup truck park or any individual get in or

out of the truck. Moreover, Munter’s body camera video captured Macaluso telling

Munter, “I didn’t know that was [Defendant’s] car until someone else pointed it out.”

This evidence supports the challenged finding.

 While the State argues that Macaluso’s testimony established that Defendant

was the driver of the green pickup truck, the trial court “determines the reasonable

inferences to be drawn” from the evidence. Knutton, 273 N.C. at 359, 160 S.E.2d at

33 (internal citations omitted). The trial court appropriately considered the

credibility of Macaluso’s testimony and the weight to afford that testimony when

making its findings of fact. The trial court was not compelled to “accept uncritically”

 - 11 -
 STATE V. FIELDS

 Opinion of the Court

the testimony of Macaluso. State v. Salinas, 214 N.C. App. 408, 416-17, 715 S.E.2d

262, 267-68 (2011). Thus, finding 21 is supported by evidence “even though there is

evidence in the record to support a contrary finding.” State v. Phillips, 151 N.C. App.

185, 190, 565 S.E.2d 697, 701 (2002).

3. No Probable Cause to Arrest

 The State finally argues that the trial court erred in concluding that there was

no probable cause to arrest Defendant.

 This Court reviews conclusions of law de novo. Biber, 365 N.C. at 168, 712

S.E.2d at 878. “To be lawful, a warrantless arrest must be supported by probable

cause.” State v. Zuniga, 312 N.C. 251, 259, 322 S.E.2d 140, 145 (1984). “Probable

cause for an arrest has been defined to be a reasonable ground of suspicion, supported

by circumstances sufficiently strong in themselves to warrant a cautious man in

believing the accused to be guilty.” Streeter, 283 N.C. at 207, 195 S.E.2d at 505

(internal quotation marks and citation omitted). Whether probable cause exists at

the time of arrest depends on “whether at that moment the facts and circumstances

within their knowledge and of which they had reasonably trustworthy information

were sufficient to warrant a prudent man in believing that the suspect had committed

or was committing an offense.” Id. (emphasis added) (brackets and citation omitted).

 A second officer who lacks probable cause to effectuate an arrest may

justifiably arrest a defendant based on a first officer’s request only when the first

 - 12 -
 STATE V. FIELDS

 Opinion of the Court

officer has probable cause to arrest the defendant. State v. Tilley, 44 N.C. App. 313,

317, 260 S.E.2d 794, 797 (1979). “A person commits the offense of impaired driving

if he drives any vehicle . . . [w]hile under the influence of an impairing substance[,]

or [a]fter having consumed sufficient alcohol that he has, at any relevant time after

the driving, an alcohol concentration of 0.08 or more.” N.C. Gen. Stat. § 20-138.1(a)

(2018).

 In addition to findings 9, 19, and 21, which were supported by competent

evidence, the trial court made the following unchallenged findings of fact:

 2. Officer Macaluso was responding to a call for “a vehicle
 driving erratic and attempting to hit people.” The vehicle
 was described as a green pickup truck.

 3. Officer Macaluso was then flagged down by an unknown
 individual as he approached Briggs Ave. This individual
 was described as very intoxicated by Officer Macaluso.

 4. While speaking with the unknown intoxicated
 individual Officer Macaluso observed a green pickup truck
 going west on Holloway Street.

 5. Neither the individual who flagged down Officer
 Macaluso, nor Officer Macaluso reacted to the green pickup
 truck.

 6. Officer Macaluso did not observe the green pickup truck
 engage in any erratic driving or violate any Chapter 20
 offense. The truck was never observed attempting to hit or
 swerve at anyone.

 7. Officer Macaluso was in the driver’s seat of his patrol
 car throughout the entirety of his conversation with the
 unknown intoxicated individual.

 - 13 -
 STATE V. FIELDS

 Opinion of the Court

8. Officer Macaluso never pulled behind the green pickup
truck or engage[d] in a traffic stop of the vehicle.

....

10. Officer Macaluso then circled the block to locate the
vehicle and returned to 810 Briggs Avenue to speak with
the same unknown individual.

11. Upon arrival at 810 Briggs Avenue Officer Macaluso
encountered several drunken individuals at the location
talking loudly and trying to explain their situation.

12. Officer Macaluso then testified that at a later time
several individuals in the crowd became agitated as
Defendant walked over to Briggs Avenue.

13. He also testified that the Defendant was unsteady on
his feet, leaning on things as he was walking, had slurred
words, appeared angry, and admitted that he bought “fake
crack.”

14. Officer Macaluso then placed Defendant into the back
of his patrol car to investigate further.

15. At that time Officer Macaluso called for “T7” to assist
in his impaired driving investigation.

16. Shortly thereafter Officer Munter of the Durham Police
Department arrived and began to interview Defendant in
the back of Officer Macaluso’s vehicle. Officer Munter did
not observe any driving.

17. Officer Munter then drove up to the green truck
matching the description given to him by Officer Macaluso,
ran the truck’s license plate through a law enforcement
database, and discovered that the truck was registered to
the Defendant.

 - 14 -
 STATE V. FIELDS

 Opinion of the Court

 18. Officer Munter then performed the Horizontal Gaze
 Nystagmus test and observed six out of six clues of
 impairment.

 ....

 20. Officer Munter formed the opinion that the Defendant
 was appreciably impaired and placed him under arrest for
 committing the offense of Driving While Impaired.

 These unchallenged findings are presumed to be supported by competent

evidence and are binding on appeal. See Biber, 365 N.C. at 167-68, 712 S.E.2d at 878.

Findings 8, 10, and 11 establish that Macaluso: did not pull behind or stop the green

pickup truck; did not maintain visibility of the green pickup truck but instead circled

the block and returned to Briggs Avenue; and witnessed Defendant walk up to him

on foot. Finding 16 establishes in relevant part, “Officer Munter did not observe any

driving.” These unchallenged findings establish that Macaluso did not observe

Defendant driving and support the trial court’s conclusion of law that Macaluso

lacked probable cause to arrest Defendant. Id. at 168, 712 S.E.2d at 878. In addition,

Finding 21 establishes that there was no probable cause to arrest Defendant, because

the State failed to establish a connection between the driver of the green pickup truck

and Defendant, who later walked up to Macaluso on Briggs Avenue; this finding

supports that Macaluso did not observe Defendant drive and thus did not have

probable cause to arrest Defendant for driving while impaired.

 The findings also establish that Munter did not have independent probable

cause to arrest Defendant for driving while impaired. As neither Macaluso nor

 - 15 -
 STATE V. FIELDS

 Opinion of the Court

Munter observed Defendant drive, park, or get out of the truck, Munter lacked the

requisite probable cause to arrest Defendant for driving while impaired. See Tilley,

44 N.C. App. at 317, 260 S.E.2d at 797 (explaining that a second officer who lacks

probable cause may justifiably arrest a defendant based on a first officer’s request

only when the first officer has probable cause to arrest the defendant).

 IV. Conclusion

 For the reasons stated above, we conclude that the trial court did not err by

granting Defendant’s motion to suppress and we affirm the trial court’s order.

 AFFIRMED.

 Judges DIETZ and MURPHY concur.

 - 16 -